## THE STATE OF IOWA *v.* CHOVIN.

So long as a passenger upon a railroad, shall comply with the reasonable regulations of the Company, he has a right to remain in the cars, and to be carried over the road.

If, while thus complying with the regulations, the conductor, officers, agents, or servants of the company, shall eject him from the cars, they will be liable to a criminal prosecution, and the company answerable in damages for all injuries sustained as the result of the action of its agents and servants.

For the proper management of its affairs—the better to secure the safety and security of passengers—and to facilitate the business and labors of · its agents, a railroad company has power to make reasonable regulations to guide and govern its agents in the discharge of their duties, and for the conduct of passengers while in its trains.

All regulations of a railroad company will be deemed reasonable, which are suitable to enable the company to perform the duties it undertakes, and to secure its own just rights in such employment; and also such as are necessary and proper to insure the safety and promote the comfort of passengers.

A railroad company may charge one rate of fare to those passengers who purchase tickets before taking their seats in the cars, and exact an additional sum of those who neglect to do so; and such a regulation is a reasonable one. (STOCKTON, J., dissenting )

A passenger upon a rail road, who does not purchase his ticket before entering the cars, and who refuses to submit to a regulation of the company, requiring him to pay a higher fare than those who purchase their tickets at the offices of the company, and shows no sufficient excuse for such refusal, may be expelled from the cars, with no unnecessary violence. (STOCKTON, J., dissenting.)

*Appeal from the Lee District Court.*

SATURDAY, NOVEMBER 6.

Defendant was charged before a justice of the peace, with an assault and battery upon one White. There was a trial, verdict, and a judgment, finding the defendant guilty, from which he appealed to the district court. It was there heard upon an agreed statement of facts—the judgment of the justice affirmed—and defendant now appeals to this court.

*Starr, Phelps & Robertson,* for the appellant.

*S. A. Rice*, (Attorney General), for the State.

WRIGHT, C. J.*—The facts as agreed upon by the parties, are as follows:

"On or about the 23d day of August, 1857, one White took his seat in the cars of the Burlington and Missouri River Railroad, at Mount Pleasant, with the intention of going in said train, which was the passenger train, to Burlington. The regular fare from Mount Pleasant to Burlington, was one dollar and ten cents, but a deduction of ten cents was made in favor of the passengers, who bought tickets at the ticket office of the company. Soon after the train started, defendant, who was the regular conductor of said train, came into the cars where said White was seated, for the purpose of collecting the fare of the passengers. In collecting said fare, he came to said White, who stated that he got on at Mount Pleasant, and was going to Burlington, and handed defendant a one dollar bank bill. Defendant then told him that the regular fare was one dollar and ten cents, and asked him to give him ten cents more, which White refused to do. Defendant then handed back the dollar bill, and told White, that he could not go farther, unless he paid the regular fare, which White, who had no ticket, refused to do, alleging as a reason, that he had seen defendant take one dollar from other passengers, and he did not know why he should not take it from him. Defendant then told him, that he must either pay said fare, or leave the train, and to choose which he would do. White refused to do either, whereupon defendant stopped the train, and told White to get off, which he refused to do. The defendant, then laid his hand on White's shoulders, and told him to leave, and on his refusal, defendant put him out of the cars on to the ground, about one mile from Mount Pleasant, using no more force than was necessary to eject him from the car—White resisting and holding back; and de-

---

* STOCKTON, J., dissenting.

fendant using no violence, except what was necessary for that purpose. White was advised, by a friend who sat beside him, to pay said fare, or he would be put off the train, but refused, saying, that the conductor would require help to get him out. There was nothing to show that said railroad company had published their rates of passenger fare, but they had published, by posted bills, in their depots, that a deduction of ten cents would be made in favor of passengers who purchased tickets before entering the cars. The conductors of the company were required to account to the company for one dollar and ten cents, for every passenger from Mount Pleasant to Burlington, who had not a ticket, or paid his fare in the cars, and if they carried passengers for less, it was their loss. The said White had formerly passed over the road from Mount Pleasant to Burlington, several times on said train, and had always before bought a ticket at the office, before en tering the cars."

Upon these facts, we are of opinion that the judgment should have been for defendant. It will be observed, that it was not claimed by the passenger, that the office of the company was not open, so as to enable him to obtain a ticket—nor that he was ignorant of the regulation of the com· pany, requiring an additional amount to be paid by those taking their seats in the cars, without first procuring tickets. It further appears that he was removed from the cars, without the use of unnecessary force, and not until he had a full and fair opportunity to conform to the rules of the company, and comply with what was required by the conductor. It is equally clear that the regular fare from Mount Pleasant to Burlington, was the sum demanded by the conductor, and that a deduction of ten cents was only made in favor of those who purchased tickets, before taking their seats in the cars. Indeed, the only ground upon which the passenger placed his refusal to pay the additional ten cents, was that he had seen the conducter take one dollar from other passengers. This position, however, is not only unsupported by the facts stated, but is, to some extent, con-

tradicted by the remark of the friend of White, that he had better pay what was required, for otherwise he would be compelled to leave the cars. The reply of the passenger, that "the conductor would require help to get him out," if indicative of anything, tends to show an obstinate intention to remain in the cars, even by the use of force on his part.

Under these circumstances, we are unable to see upon what ground the appellant was proved guilty. As common carriers, it was the clear duty of the company, to receive all passengers who offered themselves as such, and who were ready to pay the usual fare. Of course, its general duty in this respect, would not extend so far as to require it to receive persons, after its means of conveyance were exhausted; nor to carry those who persisted in refusing to comply with the reasonable regulations of the company; nor those whose improper behavior might render them an annoyance to the other passengers. If the company shall neglect to carry passengers according to its agreement, it, of course, will be answerable in damages. And so long as a passenger shall comply with the reasonable regulations of the company, he has a right to remain in the cars, and to be carried over the road. If, while thus complying, the conductor, officers, agents, or servants of the company, shall eject him from the cars, they will be liable to a criminal prosecution, and the company answerable in damages, for all injuries sustained, as the result of the action of its agents and servants.

For the proper management of its affairs—the better to secure the safety and security of passengers—and to facilitate the business and labors of its agents and officers—the company has power to make reasonable regulations, to guide and govern its agents in the discharge of their duties, and for the conduct of passengers while in its trains. In *The State* v. *Overton*, 4 Zabriskie, 435, it was held that the reasonableness of the regulation, was a question of

fact for the jury. And to this we may add, that all regulations will be deemed reasonable which are suitable to enable the company to perform the duties it undertakes, and to secure its own just rights in such employment; and also such as are necessary and proper to insure the safety and promote the comfort of passengers. *Commonwealth* v. *Powers*, 7 Metc., 596.

Had the company a right, then, or was it an unreasonable regulation, to require passengers to pay the regular fare, in the event that they failed to procure a ticket for a less amount, before taking their seats? Or, to change the proposition, so as to make it even stronger in favor of the right of the passenger, could the company charge one price to those who purchased tickets, and exact an additional sum of those who neglected to do so? In such a regulation, we confess, we can see nothing unreasonable— nor anything which conflicts with the duty of the company as common carriers to the public. It must be manifest that it would be well calculated to protect the company against the errors, and possible frauds and dishonesty of its conductors. Not only so, but it is eminently calculated to facilitate the performance of the conductor's duties. If the company may establish fares, so it may regulate the time, place, and manner of receiving the same, and direct to whom payment shall be made. And, as before remarked, every reasonable regulation of the company may be enforced; for the right and power to make, carries with it the right and power to compel its observance. And if any one shall, without sufficient cause, refuse this observance, he may, if necessary, be removed from the train.

In two cases, now before us, it was expressly held that the company may enforce a regulation requiring passengers, who do not purchase their tickets before entering the cars, to pay a higher fare than those who purchase their tickets at its offices; and that a passenger who does not purchase his ticket before entering the cars, may be required to pay a higher rate of fare, and on his refusal, may

be expelled from them by force, with no unnecessary violence. *Crocker* v. *New London, Wil. & P. R. R. Co.*, 24 Conn., 249; *Hilliard* v. *Gould*, 33 N. H., 343. And see Pierce Am. Railroad Law, 492. We do not wish to be understood, however, as concurring in what is said in the case just cited, as to the obligation of the company to furnish tickets, and for that purpose to keep an office, and an agent in attendance to superintend their sale, at all reasonable times. In this case, no such question arises, for there is no pretence that the passenger made an effort to purchase a ticket, or that he placed his right to remain in the cars upon that ground. What might be the rights of the passenger, if he had applied at a reasonable and proper time, to purchase his ticket, and was prevented because of the absence or negligence of the company's agent, we need not, therefore, determine. It is sufficient for the disposition of this case, to determine, as we do, that the regulation of the company, as to the payment of the fare, was a reasonable one; that the passenger failed to comply with it, and for this failure showed no sufficient excuse; and that, under such circumstances, the conductor had a right to eject him from the cars.

Judgment reversed.

STOCKTON, J., *dissenting.*—I think the judgment of the district court should be affirmed. A railroad company engaged in the transportation of passengers, for hire, for its own safety and convenience, and that of the public, may make rules and regulations for the management of its business, and the conduct of its passengers. These rules and regulations must be reasonable, lawful, and within the limits of the charter of the company. It is not enough that they minister to the convenience of the corporation, or tend to lighten the labors of its servants and agents. If unreasonable, they are void. Whether the reasonableness of any given by-law, rule, or regulation is to be determined by the court, or is a question of fact for a jury, has not been settled by any preponderance of authority. The rule

laid down in *The State* v. *Overton*, 4 Zabriska, 435, is referred to in the opinion of the majority of the court. In Massachusetts it has, on the other hand, been held that the question is one for the court, and not for the jury, and that evidence on the subject is inadmissible. *Commonwealth* v. *Worcester*, 3 Pick., 462; *Vandyni's Case*, 6 Pick., 187, 191.

To arrive at a correct decision, whether a by-law be reasonable or not, regard must be had to its object and necessity. The object of the rule in this case, was to require all passengers to purchase tickets before taking passage upon the train. The company sought to enforce this rule, by imposing a penalty of ten cents upon those who preferred to pay their money in the cars to the conductor; for, to say that the regular fare from Mt. Pleasant to Burlington was one dollar and ten cents; but that a deduction of ten cents would be made in favor of those persons who bought tickets, is only a milder and less objectionable statement of the regulation of the company, that the fare was one dollar, and that a fine, or penalty, of ten cents, was imposed upon those who failed to purchase tickets.

Now, whether the reasonableness of the regulation of the company, is to be determined by the court, or by the jury, I think the question was correctly decided by the district court. There was no object to be obtained by the regulation, which in any respect justified it. In other words, it was an unreasonable rule, not warranted by the necessity of the case. The railroad corporation has no right to impose any such penalty upon a person failing to purchase a ticket, or who may have occasion to pay his fare upon the cars. There cannot be two prices for conveying passengers, upon the same car, from Mount Pleasant to Burlington. The compensation is to be measured by the service rendered. The company cannot charge one passenger one dollar, and another passenger in the same train, who receives the same accommodation, and the same service, one dollar and ten cents. It is worth no more to the company to carry the one, than it is to carry the other; and the regulation of the company which imposes a penalty on the

passenger for failing to buy a ticket, is an arbitrary and unjust one, sustained neither by reason nor necessity. To uphold such a regulation, upon the plea that it is a conve- nience to the company, is to require that the plain and ob- vious principles of right and justice shall be subverted, to suit the arbitrary demands, or the supposed convenience, of a petty corporation.

The cause was tried by the court, without a jury, by consent of parties. The court found that the regulation of the company, was an unreasonable one, and adjudged the defendant guilty of an assault and battery. The pros- ecuting witness, when called upon for his fare, gave to the conductor one dollar, for that purpose. He was required to pay an additional ten cents, according to the regulation of the company. This he refused to pay, on the ground that the conductor had taken the sum of one dollar as the fare to Burlington, from other persons on the train; that he had no right to make a distinction in their favor; and that the witness had a right to go at the same price paid by others. To this very reasonable protest of the witness, the defendant makes no reply, except that he must pay the additional ten cents, or leave the cars. I think the posi- tion taken by the passenger, was a reasonable one. It must be taken as an admitted fact, that the defendant had already taken one dollar from other persons on the cars, as the fare from Mount Pleasant to Burlington; and being so admitted, I cannot reconcile it to my sense of fairness or justice, that the defendant should be allowed to discrimin- ate between passengers, or extort money from any of them, by the exercise of the summary and tyrannical power of expelling them from the cars, on their refusal to comply with his demands.

Admitting, however, for a moment, that the railroad company may make a rule, discriminating in the price of passage charged, between those who purchase tickets and those who pay their money upon the cars, it is plain, to my mind, that such a rule can only be sustained upon the

proof by them, or by the conceded fact, that an office was kept by them at Mount Pleasant, for the sale of tickets, open at all convenient hours. A company claiming the right to impose a penalty upon every person failing to buy a ticket, before taking passage in the cars, should, at least, be able to show that it afforded the ordinary facilities to the public for the purchase of tickets.

It is said, in the opinion of the court, that there is no pretence that the witness made an effort to buy a ticket; and it is to be inferred, that the opinion of the court as to the guilt of defendant, might have been different, had the witness shown that he had applied at a reasonable and proper time, to procure a ticket, and was prevented from obtaining one, by the absence or negligence of the agents of the company; and, if he had placed his right to remain in the cars, upon any such ground.

From my examination of the record, I do not find in it, any evidence that the company kept an office at Mount Pleasant, for the sale of tickets, or that the witness could have purchased one, if he had tried. I do not understand that the burden of proof to show any such fact, rested upon the prosecution; and so far from it being necessary for the witness to place his right to remain in the cars, upon his having applied to buy a ticket, and failing to obtain one, the fact that the company kept an office at Mount Pleasant for the sale of tickets, was a matter of proof for the defendant, in order to his own justification, even on the admission that the rule of the company was reasonable.

When it is shown by the witness, that he has been forcibly expelled from the cars by the defendant, after offering to pay, and paying the usual and customary fare to Burlington; the fare paid by other passengers in the same car; the fare charged by the company to those who purchase tickets; the offence charged, is proved against the defendant; and if he seeks to exculpate himself, he must show that the company kept an office at Mount Pleasant, for the sale of tickets, at all reasonable hours, and that this

fact was known to the witness. This much, on the assumption that the regulation of the corporation is a reasonable one—one that they had a right to make. I do not admit, however, that the regulation is a reasonable one. I do not think it is reasonable or just, to charge one passenger to Burlington, who buys a ticket, one dollar, and another passenger, to whom the same service and the same kind of service is rendered, but who pays his fare on the cars, one dollar and ten cents. I admit no right in a railroad company, or its conductor, to impose a penalty upon those passengers who fail to buy tickets. The price must be the same, whether paid to the ticket agent, or the conductor of the train.

I think the defendant was properly adjudged guilty of the offence charged against him, and that the judgment of the district court should be affirmed.