A. P. BAKER and Another v. CHICAGO GREAT WESTERN RAILWAY
COMPANY.[1]

December 18, 1903.

Nos. 13,663—(127).

**Contract by Freight Agent.**

When a traveling freight agent of a common carrier, clothed with general authority to solicit freight business, and with special authority to contract for the shipment of freight upon special conditions as to the movement of trains, enters into a contract for the shipment of freight without disclosing to the shipper the conditions limiting his authority, the principal is bound by the act of the agent, and is liable to the shipper for resulting damages.

**Question for Jury.**

A traveling freight agent solicited certain shippers of live stock, who were contemplating the shipment of four carloads at a certain time, to send the same to Chicago via St. Paul over his road, and represented that the stock would be received in St. Paul upon arrival, and forwarded to Chicago without delay. The shippers held the proposition under consideration until the time of shipment, when the stock was forwarded accordingly, and appellant company notified of such fact. In an action for the recovery of damages for failure to receive and forward the stock without delay, *held*, that it was a question of fact for the jury to determine whether it was intended by the parties that the proposition might be accepted by shipping the stock without any other notice than the shipment itself and notification at that time.

Action in the municipal court of Minneapolis to recover $200, and interest, for breach of contract for the carriage of live stock. The case was tried before Dickinson, J., and a jury, which rendered a verdict in favor of plaintiffs for $150. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, but reducing the verdict to $94, defendant appealed. Affirmed.

*A. G. Briggs* and *T. P. McNamara,* for appellant.

*T. H. Salmon,* for respondents.

[1] Reported in 97 N. W. 650.

LEWIS, J.

Respondents were engaged in the general stock business at Marshall, feeding, raising, and shipping cattle, horses, etc. On or about January 15, 1902, R. H. Heard, traveling freight agent of appellant company, met respondents at Marshall, and a conversation took place with reference to the prospective shipment of stock by respondents from Marshall to Chicago. The purport of this conversation, according to respondents' testimony, was that they told Heard they were preparing to ship three or four carloads of stock to Chicago about the last of January, and that Heard said, if they would ship the stock to St. Paul by way of the Great Northern Railroad, appellant would receive it upon arrival in St. Paul in the morning, and deliver it in Chicago within seventeen hours. Appellant claims that Mr. Heard's offer to respondents was simply in the nature of a general solicitation of their business, and that no definite proposition was either made or accepted; that respondents agreed to consider the proposition, and nothing more was done or said until January 30, when respondents shipped four carloads of stock from Marshall to St. Paul over the Great Northern, billing the same via appellant to Chicago. The Great Northern agent at Marshall wired appellant at their South St. Paul office that such shipment was being made. The freight train conveying the stock left Marshall on the afternoon of January 30, arriving in St. Paul the next morning at six o'clock, accompanied by respondents, who immediately called upon appellant's agent at South St. Paul, notifying him of the arrival of the stock, and requesting appellant to take charge of and forward it to Chicago according to their understanding with Heard. For some reason, which does not appear, the operating department of appellant had received no notice from Marshall of the shipment, and was not prepared to forward the stock immediately, there being no regular train for that purpose until about ten o'clock in the evening. Respondents thereupon, in order to avoid delay in arriving in Chicago, made the best arrangement possible, and had the stock shipped by the Chicago, Milwaukee & St. Paul Railway Company, but it did not arrive in Chicago in time for the market day planned for, and this action was brought to recover damages in connection with such delay.

The trial court submitted to the jury determination of the question whether the conversation of the parties constituted a valid contract un-

der which respondents were privileged to ship the stock in the manner they did without any other notice than was given by the Great Northern agent. The jury returned a verdict for respondents, fixing the damages at $150, and the court reduced the amount to $94, which respondents accepted, and appellant appealed.

There is only one question requiring any particular consideration. No serious point is made respecting the authority of Heard to represent appellant in making the contract. He was sent out with general authority to solicit business and make terms, which is not specifically denied. His duties, as defined by himself, were to solicit freight, and, according to the testimony of respondents, he assumed to make a proposition on behalf of appellant respecting the mode and time of shipment. Heard testified that he had no authority to make contracts for the shipment of stock except when enough was shipped into St. Paul to justify making up a special train for Chicago, and that such special train could not be made up unless the operating department found it possible from the standpoint of convenience in operation. However, if respondents' testimony is accepted, Heard solicited their business knowing what time they would ship, when the stock would arrive in St. Paul, and without disclosing to respondents the fact that the arrangement depended on the shipment of enough stock from various points to St. Paul to warrant the making up of a special train by appellant for conveying it to Chicago. Therefore the traveling freight agent was clothed with authority to solicit business, had power to provide for the shipment of stock to arrive in St. Paul with a view to making up a special to Chicago, and, if this shipment was made in response to the agent's solicitation and upon conditions named by him, his principal cannot escape the responsibility, even though he exceeded his authority in not ordering the shipment subject to the special train contingency. The agent's authority to make such a contract was apparent at the time, and respondents were justified in dealing with him, and his solicitation of their business with the understanding that it was to be shipped over the Great Northern road to St. Paul, to arrive there in the morning and to be taken care of by appellant, and, without delay, forwarded to Chicago on a seventeen hour run, constituted an offer or proposition on behalf of appellant. It is clear that, if respondents had at once accepted the proposition, a con-

tract would have been entered into, and no notice of shipment would have been necessary, and it would have been the duty of appellant to be on the lookout for the stock and take care of it upon arrival. But there was no immediate acceptance. Respondents simply said they would consider the proposition, and with that understanding nothing more was done until the time of shipment.

The critical question in the case is, was it the intention of the parties that the proposition should remain open, to be accepted or not at the will of respondents at any time up to the time of shipment; or was it their intention that it must be accepted within a reasonable time before shipment, with notice to appellant of that fact? The question is surrounded with some doubt, but we have concluded to agree with the trial court, and consider it a question of fact to be determined by the jury. The case upon this phase was submitted to the jury under proper instructions, and it was found that it was the intention of the parties that the proposition was to be left open by the agent to be accepted by respondents by shipment if they shipped at the time contemplated, viz., the last of the month. The evidence sustains the verdict, and we find no reversible errors.

Order affirmed.