C. H. ROHRIG, Appellee, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Railroads:** REDEMPTION OF TICKETS. The fact that a telegraph operator had not been especially authorized to make redemption of unused railway tickets did not relieve the company from the statutory penalty for his refusal to redeem, where he was dis-

charging the duties of the agent who had such authority and the ticket was presented to him within the statutory period.

*Appeal from Fayette District Court.*— HON. L. E. FEL-LOWS, Judge.

SATURDAY, APRIL 7, 1906.

ACTION at law to recover the price paid for a railway ticket, and for a statutory penalty. The facts will be found stated in the opinion. There was a trial to the court resulting in judgment for plaintiff. Defendant appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish,* and *Clements & Clements,* for appellant.

*C. T. Jones* and *L. M. Whitney,* for appellee.

BISHOP, J.— Plaintiff purchased a ticket at the station ticket office of the defendant railway company at Oelwein, this state, good for passage to the station of Maynard. Owing to the train being late, he was compelled to give up the trip. Three days later he presented himself at the ticket office, and, in connection with the purchase of a ticket to another station, presented the Maynard ticket and asked that it be redeemed. The person in charge of the ticket office, being the same person from whom the ticket had been purchased, refused to redeem, saying that the request was one day late; that, " We won't redeem tickets after they are two days old, and you will have to send this to the general office."

It is provided by statute that " it shall be the duty of every railroad company . . . to provide for the redemption, at the place of purchase and at the general passenger agent's office, . . . of any passenger ticket that such carrier may have sold, . . . and no carrier shall limit the time in which redemption shall be made to less than ten days from date of sale at the place of purchase," etc. Code Supp.

1902, section 2128a.   And, further, that " any railroad company,  . . .  who as a common carrier shall sell or issue tickets  . . .  and shall refuse or neglect to redeem the same  . . .  within ten days of date of demand, shall forfeit and pay to the owner of such ticket the purchase price of said ticket, and the further sum of one hundred dollars." Code Supp. 1902, section 2128c.

Upon the trial it was made to appear that the station agent at Oelwein was one Hillman, and, as a witness for defendant, he testified that he was in charge of the company's office and business at that station, and that he was authorized by the company to redeem tickets that were unused.   It was also made to appear that the person who sold the ticket to plaintiff, and who subsequently refused to redeem it, was one Luce, telegraph operator in the office. Hillman testified that Luce was accustomed to relieve him at the ticket window when he was busy with other work. Plaintiff was not personally acquainted with Luce, and knew no more respecting his position or duties than was incident to his being at the ticket window and engaged in selling tickets.

The sole contention for reversal of the judgment as made by appellant is that the requirement of the statute having been complied with by the appointment of Hillman as station agent, with authority to make redemption of tickets, there can be no recovery in the absence of a showing that demand was made upon such agent in person.   The contention is without merit.   The requirement of the statute is that provision shall be made for the redemption of tickets. That means that the person or persons in charge of the ticket window, and authorized to sell tickets, shall be prepared to make redemption when called upon to do so.   The statute is not satisfied by the mere appointment of one person who may or may not have his station at the window where the ticket business is transacted as the one through whom redemption must be made.   The passenger has the right to assume

that the person in charge is there by authority, and that he is clothed with all necessary authority incident to the business he is transacting on behalf of the company. *Wood v. Railway,* 68 Iowa, 491. It was not contemplated that the right to have redemption made should be clogged by any nice questions of authority as between principal and agent, or that the passenger should be put to the peril of correctly ascertaining what particular person had been selected by the company to discharge the duty of making redemption. It would be absurd to say that the yardmaster or the foreman of the roundhouse might be designated by the company, and that a demand upon such person would alone be availing. And yet, if the company was bound to do no more than make provision by appointing some one person, as argued by counsel for appellant, such a result might well follow.

To conclude, as we interpret the statute, the duty of making provision requires of the company that through its agents and employés in charge of its ticket office, whether the number of persons be one or twenty, it shall make redemption when called upon to do so. And it cannot be heard to deny liability because that a particular person in charge by its authority had not, in fact, been instructed as to his duties in the respect in question. If a passenger finds one in charge, and hence held out as acting with authority, he may rely upon authority being present. The principle involved in this conclusion finds further support in the following cases: *Baker v. Railway,* 91 Minn. 118 (97 N. W. 650); *Turner v. Railway,* 15 Wash. 213, (46 Pac. 243, 55 Am. St. Rep. 883); *Railway v. Moorman,* (Tex. Civ. App.,) 46 S. W. 662.

The judgment was right, and it is *affirmed.*