Roy A. Cook, Appellee v. The Chicago, Rock Island & Pacific Railway Company, Appellant.

**Railroads:** REDEMPTION OF TICKETS: PENALTY. A railway company is required by statute to redeem an unused passenger ticket at the place of its sale, when the same was purchased in good faith; and upon refusal to do so is liable in an action for the money paid therefor and for the statutory penalty for such refusal.

*Appeal from Buchanan District Court.—*Hon. F. C. Platt, Judge.

Wednesday, December 11, 1907.

ACTION to recover penalty for refusing to redeem an unused railway ticket. Judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Carrol Wright, J. L. Parrish,* and *C. M. Young,* for appellant.

*Cook & Cook,* for appellee.

Weaver, C. J.— It appears without controversy that plaintiff, being at La Porte, a station on defendant's line of railway in Black Hawk county, Iowa, purchased and paid for a ticket entitling him to a passage to St. Paul, Minn.; that he did not use said ticket, and within two or three days thereafter presented it to the defendant's agent at the station in La Porte and demanded redemption thereof, which was refused. Upon this showing, judgment is demanded against the defendant for the amount of money paid for the ticket and for the statutory penalty.

That plaintiff thus made a case bringing him within the express letter of the statute is quite clear. It is made the

duty of the carrier to provide for the redemption at the place of sale of any passenger ticket which the purchaser has not used or received transportation for which such ticket should have been surrendered. *Code Supp.* 1902, section 2128b; *Rohrig v. R. R. Co.,* 130 Iowa, 380.

Appellant seeks to justify the refusal to redeem under the rule applied by this court in *Jolley v. Railroad Co.,* 119 Iowa, 491. In that case it was admitted or clearly shown that the tickets, some fifteen or twenty in number, were purchased with no intention of using them for transportation, but for the sole object of enabling plaintiff to bring suit against defendant in the event of its failure to redeem and thereby recover a penalty upon each ticket. There is nothing in the record of the case before us to bring it within the the very just rule of the cited precedent. The sole evidence in the case before us is of the plaintiff' who states that, being in La Porte on the night in question, and desiring to go to Waterloo, he telephoned defendant's station agent and asked if the midnight train north stopped at La Porte, and was told that it did. On going to the station to take the train, the agent refused to sell him a ticket to Waterloo, and told him he would not get out of town that night unless he bought a ticket to St. Paul. Thereupon he bought and paid for a ticket to St. Paul, intending, as he swears, to use it, but, after boarding the train, made up his mind to stop at Waterloo and tendered to the conductor his cash fare to that place, which was accepted. Not desiring at that time to complete the trip to St. Paul, he tendered the ticket for redemption, with the result already stated. There is not the slightest evidence that the train in question was not scheduled to stop at La Porte, or that it was stopped on the night in question because of the purchase of the ticket by plaintiff, or that defendant's said train did not ordinarily carry passengers between La Porte and Waterloo. Indeed, the fact that the conductor accepted the cash fare, and permitted the plaintiff to ride to Waterloo, without objection, so far as the record

discloses, tends to negative the existence of any such rule. No reason is offered or suggested why the defendant's agent refused to sell the plaintiff a ticket as demanded by him, nor is any fact shown upon which the jury would have been justified in finding that the plaintiff did not buy the ticket in good faith, or that he bought it for the mere purpose of recovering the penalty in the event that the defendant refused to redeem it. Had it been shown that defendant's train did not stop at La Porte except to take passengers going through to St. Paul, and that defendant, being informed of said rule, purchased the ticket intending to go no further than Waterloo, and thereby, under such false pretense, induced it to stop its train and take him aboard, it might well be said that such a purchase was not in good faith, and that he should be denied the right of recovering the statutory penalty upon refusal of the defendant to make redemption for a ticket thus acquired.

But, as we have already said, there is no evidence whatever of the existence of such facts, and in our opinion the judgment of the district court must be *affirmed.*