TEXAS & P. RY. CO. v. BEAIRD. (No. 1317)

(Court of Civil Appeals of Texas. Texarkana. June 24, 1914. Rehearing Denied Oct. 15, 1914.)

1. CARRIERS (§ 261*)—REDEMPTION OF TICKETS—"WHEN PRESENTED."

Under Pen. Code 1911, art. 1527, requiring railroad companies to provide for the redemption of tickets which the holder has not used, article 1528, requiring presentation of the ticket for redemption within 10 days after the right to use it has expired, and article 1529, providing that any railroad company, refusing to redeem any ticket when presented, shall be subject to penalty, the railway company may provide its own processes of disbursement; and where a company required tickets for redemption to be forwarded to the auditor of the company, who would send a cash slip to the ticket agent whereupon the money would be paid to the holder of the ticket, the refusal of an agent to immediately pay the redeemable value of a ticket upon presentation did not subject the company to the prescribed penalty, the words "when presented," being equivalent to "in case it is presented," or "on condition that it be presented."

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1034; Dec. Dig. § 261.*]

2. APPEAL AND ERROR (§ 501*) — RESERVATION OF GROUNDS OF REVIEW.

Assignments of error complaining of the charge cannot be considered, where no bill of exception was preserved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300-2305; Dec. Dig. § 501.*]

Willson, C. J., dissenting.

Appeal from Smith County Court; J. F. Odem, Judge.

Action by J. W. Beaird against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The appellee had purchased from the appellant's agent a ticket entitling him to passage from Grand Saline to Mineola, paying therefor the sum of 40 cents. The ticket became misplaced in some way about the person of appellee, and he paid the conductor of the passenger train the cash fare and took a receipt therefor. Upon the arrival of the train at Mineola, appellee found the ticket and at once presented it, together with the cash fare receipt of the conductor, to the appellant's ticket agent at Mineola for redemption. In respect thereto appellee testifies:

"He told me he could not do it, he had no authority to redeem the ticket, but said that any agent at any station could redeem it. He would not redeem the ticket, and I purchased a ticket to Tyler and got on the train and came to Tyler."

Claiming that the railway company failed and refused to redeem the ticket when presented, appellee brought the suit to recover $500 as a statutory penalty, the penalty being based upon articles 1527-1529 as contained in the Penal Code of 1911. The agent of appellant testified as follows:

"I remember Mr. Beaird coming into the office on the arrival of the passenger train and requesting me to redeem a ticket he had purchased from Grand Saline to Mineola, and I told him that I had no authority to give him the cash on the ticket, but that I would redeem it by giving him a receipt for the ticket and sending it to the general auditor at Dallas, Tex., and he would send me a cash slip and I could then give him the money. I told him that it not being a ticket sold by the Mineola office, I could not redeem it. * * * I told him I had to go according to the instructions given me by the superior officers of the railroad. He stated that he was going to Tyler and that he did not want my receipt. I then told him that he could turn the ticket in at either the I. & G. N. or Cotton Belt office in Tyler, and that they would give him a receipt for it and have it redeemed as I had proposed. He refused to let me redeem it in the manner that I told him."

The court gave the following special charge at the request of the plaintiff, which is here assigned as error:

"You are charged that if the agent of the defendant railway at Mineola, at the time plaintiff presented the ticket in question, failed to then and there redeem said ticket, plaintiff would be entitled to recover, notwithstanding said agent offered plaintiff to forward said ticket to the auditor's office at Dallas, Tex., for redemption."

Young & Stinchcomb, of Longview, and R. S. Shapard, of Dallas, for appellant. E. P. Price, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). [1] The legal effect of the instruction complained of is to declare that it is a violation of the statute requiring railway companies to redeem unused tickets where a ticket agent of the selling company does not return

the amount of the fare to the holder of such unused ticket immediately on his presentation of the ticket for redemption. As to whether there was error in giving the charge must be considered from the viewpoint of there being testimony going to show that the appellant had provided the channel or process of redemption of unused tickets to be by the local ticket agent forwarding the unused ticket to the auditor of the company, who would send a cash slip to the ticket agent, and the money would then be paid by the local agent to the holder. ·Article 1527 of the Penal Code of 1911 imposes the duty upon all railroad companies in this state "to provide for the redemption" from the holder of the whole or any part of an unused ticket that may have been sold by the company or its authorized agent. Article 1528 makes it the duty of the holder of such unused ticket, as a condition precedent to any right to redeem, to present such ticket or parts unused for the purpose of redemption to the company selling, or to any of its authorized agents, within a time not exceeding ten days after the right to use said ticket has expired. And article 1529 provides:

"Any railroad company or receiver or trustee of such railroad company over or on which said ticket may be used, which shall refuse or fail to redeem the whole or any part or coupon of any ticket or tickets, when presented, shall forfeit to the holder thereof a sum not less than one hundred dollars nor more than five hundred dollars, recoverable in any court of competent jurisdiction."

It is not doubted that by the terms of articles 1527 and 1528 there is created the obligation on the part of the railway company to make a refund of the purchase money of such of its unused tickets as are actually presented to it by the holders for redemption before a period of ten days after the right to use such tickets has expired. But neither of the two articles mentioned provides the particular channel or processes of disbursement that the company shall employ. By article 1527 the railway company is only required "to provide for the redemption" to the holder of such unused ticket that may be presented. The language would seem to express the intention to leave to the railway company the right to provide a channel or employ processes of disbursement most orderly to it. And the language of article 1529 is consistent with the intention expressed in article 1527, and not a limitation upon the authority conferred upon the company to adopt a particular channel or employ a particular reasonable process for the purposes of redemption to the holders of such unused tickets most orderly to it. The clause "when presented," as used in article 1529, reasonably introduces into the meaning of the sentence the idea of the fact of presentation rather than the time of presentation of the unused ticket. Hence the clause "when presented," being a conditional adverbial clause modifying the verbal phrase "refuses or fails to redeem," is equivalent to "in case it is presented," or "on condition that it be pre-

sented." In this construction the right of the holder of an unused ticket presenting it to a local agent for the purpose of having a refund of the fare made to him by the company would be to have return of the fare made with reasonable dispatch through the usual processes of disbursement employed by the particular company. The holder of the ticket would not be entitled to have return of the fare made by the local agent "then and there" on presentation of the ticket, regardless of the processes for disbursement employed by the particular company for the especial purposes of redemption. And the railway company having, by the terms of the act, the right to redeem an unused ticket through the processes of disbursement employed by the particular company to accomplish the purposes of the law, such company would not be acting in violation of the statute, subjecting it to the damages specified, in offering or undertaking to redeem an unused ticket actually presented to it for redemption by the holder within the ten days required, through the usual processes of disbursement employed by the particular company. Hence we conclude that giving the special charge constitutes, in view of the agent's testimony, reversible error.

[2] Under the third assignment several propositions are made and argued. As there was no bill of exception preserved to the charge, as required by the latest law, we are without authority to consider the assignment and the propositions thereunder. Railway Co. v. Wadsack, 166 S. W. 42; Railway Co. v. Galloway, 165 S. W. 546. We are not unmindful of the decision in Railway Co. v. Mahaffey, 98 Tex. 392, 84 S. W. 646; but we assume, without any express ruling, that the Legislature properly re-enacted the statute in 1911.

We suggest that the ruling here necessitates the ruling that the first and second assignments present error and in view of another trial can be remedied.

The judgment is reversed and the cause remanded.

WILLSON, C. J. (dissenting). I think the trial court correctly construed the meaning of the statute, and therefore dissent from the conclusion reached by the other members of this court. The statute plainly makes it the duty of a railroad company in this state to provide for the redemption of a ticket sold by it and unused by the purchaser, if such ticket is presented for redemption to one of its ticket agents "within a time not exceeding ten days after the right to use" same "has expired by limitation of time as stipulated therein." Article 1528, Revised Criminal Statutes (Pen. Code). It as plainly denounces a penalty against such company if it "shall refuse or fail" to redeem such ticket "when presented" to it for the purpose. Article 1529, Revised Criminal ·Statutes. To my mind the words "when presented," used in article 1529, mean that the ticket must be redeemed at the time it is presented to the company for the purpose, and the requirement of article 1528 that the company shall provide for the redemption of the ticket, means that the company shall provide for its redemption at that time, and not at some other time chosen by it. Rohrig v. Railway Co., 130 Iowa, 380, 106 N. W. 935.