J. A. PRICHARD, Appellee, v. CHICAGO & NORTH WESTERN
RAILWAY COMPANY, Appellant.

CARRIERS: Carriage of Passengers—Unused Tickets—Redemption
1 —Permissible Regulations. A railway company may validly
promulgate reasonable regulations governing the redemption of
unused passenger tickets. Proper posting of the same at the
place of sale, as evidently contemplated by the statute, con-
stitutes notice to the ticket holder.

  *Held*, regulations reasonable, which required a *written* appli-
cation (on blanks to be furnished by the company), showing
(a) description of ticket, (b) price paid, (c) date of purchase,
(d) a statement on honor of the portion unused; and (e) the
reason for non-using. (Sec. 2128-a *et seq.*, Code Supp., 1913.)

STATUTES: Construction—Penal Statutes—Forfeiture. Principle
2 recognized that penal statutes will be strictly construed against
forfeitures.

*Appeal from Monona District Court.*—GEORGE JEPSON,
Judge.

FEBRUARY 9, 1918.

ACTION to recover the price of a railroad ticket and
a penalty of $100, under the provisions of Code Section
2128-c. There was a judgment for the plaintiff, and the
defendant appeals.—*Reversed.*

*C. E. Underhill, James C. Davis,* and *George E. Hise,*
for appellant.

*J. A. Prichard,* for appellee.

EVANS, J.— In December, 1916. the
plaintiff purchased, in good faith, a ticket
over the defendant's line of railway from
Onawa to Turin, intending to take passage
thereon. Because of the lateness of the
train, he abandoned his proposed passage, and adopted

1. CARRIERS:
carriage of
passengers:
unused tick-
ets : redemp-
tion : per-
missible regu-
lations.

other means of conveyance. Five days later, he presented his ticket at the company's local office, to the agent from whom he had purchased the same, and orally demanded the return of the fare, which was 14 cents. His demand not having been complied with within ten days from the time of such demand, he brought this action. The testimony is not in dispute in any material respect. The decisive question in the case is one of law. It involves, to some extent, a construction of Sections 2128-a, 2128-b and 2128-c, Code Supplement, 1913; and more particularly whether certain rules and regulations provided by the defendant railroad company for the redemption of unused tickets were a reasonable compliance with the requirements of such statute. If they were, then plaintiff's demand was insufficient, and his suit was premature. If they were not, the judgment should be sustained.

The statutory sections referred to provide as follows:

"Sec. 2128-a. It shall be the duty of every railroad company * * *, to provide for the redemption, at the place of purchase and at the general passenger agent's office of said carrier, of the whole or any integral part of any passenger ticket or tickets that such carrier may have sold, as the purchaser or owner has not used for passage or received transportation for which such ticket should have been surrendered; and said carrier shall there redeem the same at a rate which shall equal the difference between the price paid for the whole ticket and the cost of a ticket between the points for which said ticket has been actually used, and no carrier shall limit the time in which redemption shall be made to less than ten days from date of sale at the place of purchase and six months from date of sale at general passenger agent's office.

"Sec. 2128-b. No railroad company, * * * doing business in the state of Iowa as a common carrier of passengers * * * shall sell or issue to any person

\* \* \* any ticket or tickets bearing any condition of limitation as to the time of use, or as to transferability, without first providing for the redemption of said ticket, as directed by the preceding section hereof, and also having notice of such provision and privilege of redemption conspicuously posted at each place where sales of tickets are made by such common carriers in this state."

"Sec. 2128-c. Any railroad company, corporation, person or persons, who as common carriers shall sell or issue tickets as set forth in the preceding sections, and shall refuse or neglect to redeem the same, as by said sections provided, within ten days of date of demand, shall forfeit and pay to the owner of such ticket the purchase price of said ticket, and the further sum of one hundred dollars."

In purported compliance with the foregoing, the defendant company had promulgated certain rules and regulations as a provision for the redemption of such tickets, and had posted notice thereof, in full accord with the requirements of Section 2128-b, above set forth. The notice which was posted at the ticket office of the Onawa station was as follows:

"Tickets purchased of this company in Iowa and wholly or partly unused for passage will be redeemed to the lawful owner at the difference between the price paid and the rate at time of sale for the portion used, if application is made in writing to the ticket agent at place of purchase within ten days from date of sale, or to the office of the General Passenger and Ticket Agent, Chicago, Ill., within six months from date of sale, stating reason why ticket was not wholly used and certifying that passage was not received for any portion thereof stated to be unused. Any ticket agent of the company will, however, receive such an application with ticket, give receipt therefor, and forward it to General Passenger and Ticket Agent for prompt attention.

"H. R. McCullough, Third Vice President.   W. B. Kinskern, Passenger Traffic Manager.   C. A. Cairns, General Passenger and Ticket Agent."

This was posted prominently alongside of the ticket window.   The rules and regulations on the subject were somewhat voluminous in detail, and enjoined upon the agents of the company the duty of prompt and courteous attention and aid to all persons requesting a redemption of unused tickets.   The foregoing notice, however, sets forth the substance of such rule, so far as it pertained to the public.   For the purpose of reducing the application of the ticket holder to writing, convenient blank forms were furnished to the local agent, for presentation to the ticket holder.   Such blank form was as follows:

CHICAGO & NORTH WESTERN RAILWAY CO.
Passenger Department.

This side for use in forwarding
tickets to Passenger Department          No..............
for redemption.

Chicago, Ill.,................., 191........
Ticket Agent..............................

Please have purchaser fill in and sign statement below, stating price paid and reason why ticket was not used; and then fill in agent's portion yourself, giving rate if sold at your office, and return this promptly to the undersigned. This is necessary before redemption can be entertained, as per current instructions.   *Please see that purchaser's name is written legibly.*

Respectfully,

C. A. Cairns,
General Passenger & Ticket Agent.

Statement of Purchaser—To be filled out by him.

I hereby present for redemption, ticket of form......,
No. ..................... from .................... to
.............................., which was purchased by
me for $................ on ...................., 19...,
          (Price Paid)              (Date of Purchase)
at ......................; and I hereby certify on honor
  (Place where purchased)
that no portion of the journey for which ticket was good
has been made, nor was any transportation received in
connection with it by omission of conductor or otherwise
contrary to state or interstate laws, and that ticket was not
used for the following reasons:....................
          Signature of
               Purchaser,.....................
               Address .........................

---

Stamp Here     Tickets sold........191.., at $.... each
                         (Date of Sale)
with Dater.     Was Baggage Checked?................
                Any reason against redemption?..........
          .................................... Agent.

It will be seen that the statute does not require im-
mediate payment upon the date of the demand. It does
lay upon the defendant company the burden of making pay-
ment within ten days after appropriate demand. The pa-
tron need not repeat his demand, nor present himself a
second time. That the statute contemplates the adoption
by the railroad company of some rule or regulation or
course of procedure looking to a prompt redemption of such
tickets, is indicated by the language thereof. It forbids the
sale of any ticket "bearing any condition of limitation as
to the time of use  *  *  *  without first providing for
the redemption of said ticket  *  *  *  and also having
notice of such provision and privilege of redemption con-

spicuously posted," etc.   Manifestly, no practical provision for the redemption of such tickets could be made without some uniform rule or regulation on the subject.   The company necessarily does its business with its patrons through thousands of agents, whose accounts must be audited and checked through central authority.   The statute does not require the redemption of every ticket that may be presented.   The obligation to redeem extends only to such tickets "as the purchaser or owner has not used for passage or received transportation for which such ticket should have been surrendered."   The statute, therefore, contemplates a representation by the ticket holder, not only that the ticket is unused, but that he did not receive the transportation for which the ticket should have been surrendered. Is it a reasonable regulation on the part of the railway company to require that such representation shall be made with the solemnity of a signed statement to that effect; and especially so if such requirement is not attended with onerous inconveniences, or delay, but is aided with the use of appropriate blank forms furnished by the company for the purpose?   If these were, or could be used as, a mere trap, or as an impediment to prompt compliance, they might be denounced for such reason; but the statute has fully guarded the right of a patron in that respect.   It has specified the conditions upon which redemption may be demanded, and it has limited the permissible delay to a period of ten days after the demand.

Whether, in such case, the rules and regulations of the company are reasonable or not, and whether they are a reasonable compliance with the requirements of the statute, is a question of law, and must be ruled on by us as such. *Gregory v. Chicago & N. W. R. Co.*, 100 Iowa 345.   We see no escape from holding that the rules and regulations in question are a reasonable compliance with the requirements of the statute.·   If this be so, it necessarily follows that

reasonable compliance with them must be made by the ticket holder, in making his demand for a redemption. It would be an idle ceremony to require the railway company to post conspicuous notice of its "provision" for the information of ticket holders, if the regulation thus published had no influence upon the course to be followed by them in demanding redemption.

2. STATUTES: construction: penal statutes: forfeiture.

The statute in question, being highly penal in its declaration of a forfeiture, must be construed strictly against the forfeiture. It has received our consideration in two former cases: *Jolley v. Chicago, M. & St. P. R. Co.*, 119 Iowa 491; *Rohrig v. Chicago, R. I. & P. R. Co.*, 130 Iowa 380. Those cases furnish us little aid in our present consideration, because in neither case had the defendant railway company made any provision nor posted any notice in purported compliance with the requirements of the statute. In the *Jolley* case, we held that the railway company could have adopted a regulation putting a limit of time upon the demand; but it had not done so. In the *Rohrig* case, we held that the statute was not complied with by the mere appointment of Hillman as station agent, with authority to make redemption of tickets. In that case, another person than Hillman was acting as ticket seller, and the demand for redemption was made upon him without any knowledge or notice to the ticket holder that Hillman had the sole authority for such purpose.

Under the record in the case before us, plaintiff made an oral demand, and none other. The agent proposed to take the ticket and send it to the general passenger agent for redemption. The plaintiff refused to permit this to be done, because the ticket constituted his evidence. The plaintiff had not, in fact, observed the posted notice, and did not, in fact, know of the rules and regulations of the company. This fact would have its importance as bearing

upon the good faith of the plaintiff, which is unquestioned in this case; but it cannot be made effective to penalize the defendant. The defendant having complied with the statute, by making reasonable provision for redemption and by properly posting notice thereof, the plaintiff was necessarily charged with notice of such reasonable regulations for the purpose of his demand for redemption. While such rule of constructive notice might operate harshly in some cases, where a ticket holder was ignorant and unable to read, such harshness is absent as to the plaintiff, who is one of the foremost lawyers in his county, and was admittedly well versed in the state of the law pertaining to the subject.

We reach the unavoidable conclusion that the plaintiff's suit was premature, in that his demand should have conformed to the reasonable regulations of the company. The judgment below must, therefore, be—*Reversed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.