No. 3214.—Succession of Melissa Robinson, Deceased.—On Oppo-
sition to Administrator's Account.

The revenues of property which belongs to the husband, situated in Mississippi, who resides·
in Louisiana, do not belong to, or form a part of, the community. Therefore the husband
who administers on the estate of his deceased wife, is not required to account to the
heirs for the revenues derived from property thus situated during the marriage.

APPEAL from the Parish Court, parish of East Feliciana. *Boedicker*,
Parish Judge. *Cross & Hardee* and *Race, Foster & E. T. Merrick*,.
for administrator, appellant. *Kernan & Lyons*, for opponents and
appellees.

Taliaferro, J. The administrator of the estate of Melissa Robin-
son, deceased, having filed his final account of administration, one of
the heirs of the deceased presented an opposition, in which he charges.
that the administrator has failed to account for several items of prop-
erty which had belonged to the succession, and for moneys received
from various sources on account of the estate. The opposition takes.
a wide range, embracing much the greater part of the account. It
was sustained as to a portion of the several pieces of property speci-
fied, as unaccounted for, and also in respect to several sums of money,.
alleged to be proceeds of property of the estate and not set down
upon the account. The deficiencies complained of were estimated to·
amount to $5930, which sum the administrator was adjudged to charge
himself with, in addition to the amount with which he charged himself
•n the account.

From this judgment the administrator has appealed.

The contest in this court is limited to the following items: One
wagon, $25; two mules, $180; proceeds of cotton on hand, $5000;
one carriage, $200.

It appears that the administrator, who is the surviving husband of
the deceased, who died at Jackson, Louisiana, in the year 1863,
removed to that place in the year 1851 from the State of Mississippi,
where he owned a plantation which he continued to cultivate and
derive revenue from after his removal to Jackson. It is shown that
he had a large business to attend to in Mississippi besides that of his
plantation there; that his purpose in making his residence at Jackson
was to avail himself of the benefit of the schools at that place, having·
children of his own by a former marriage and those of his wife by a
former husband to educate; that it was the custom of the family
annually to return to Mississippi to spend the school vacations. It
does not appear that the administrator carried on business to any
great extent in Louisiana. He, however, acquired some property in
the State. This, of course, was community property, and the prop-
erty he administered was community property. But the evidence
does not establish the property which the administrator is ordered.

to account for, except the carriage, was community property. The cotton, the proceeds of which he is required to charge himself with, was produced on his own plantation in Mississippi. It is proved that the wagon and the two mules also came from that plantation, where they properly belonged, the wagon being used frequently at Jackson, as occasion required, and then sent back to the plantation. The mules, it is established, were paid for by the administrator after the death of his wife and out of his own funds. The family carriage was purchased in 1856, and, after being much used, he gave it in payment of a debt of his own in 1863. The $200, proceeds of the carriage, should be charged against him.

It is therefore ordered, adjudged and decreed that as relates to the value of the wagon and mules, estimated at $205 and the proceeds of cotton, $5000, the opposition be overruled and rejected; but sustained as to $200, alleged value of the carriage. It is further ordered that that sum be charged on the administrator's account against him, in addition to the amounts with which he has charged himself, and that the account, as thus amended, be approved and homologated.