## C. S. HUTCHISON V. E. H. MITCHELL.

1. The husband may by deed declare an express trust in favor of his wife, giving her the exclusive use and enjoyment of all the rents and profits of the trust estate, provided there be no fraud in the transaction.
2. The rents and profits of such trust estate being the separate property of the wife, are not subject to the debts contracted by the husband after the creation of the trust estate.

APPEAL from Robertson.    Tried below before the Hon. John B. Rector.

This was a suit to try the right of property claimed by Mrs. E. H. Mitchell, and which was seized under execution to satisfy a judgment against her husband, Dr. James Mitchell, in favor of C. J. Hutchison.

In November, 1852, James Mitchell, then free from debt and, as the testimony shows, in affluent circumstances, conveyed a tract of land and twenty-eight negro slaves to Wm. E. Douglass in trust, that he should "permit Mrs. E. H. Mitchell to retain said property in her own possession and for her own sole and separate use," and should permit her "to receive the rents, issues and profits" of said property, etc., and that he would ex-

change or convey the same when so directed in writing by Mrs. Mitchell.

On the fifteenth of November, 1858, Dr. Mitchell, still free from debt, assisted the trustee Douglass in the purchase of a plantation from Henry L. Bennett, the title to which was made to Douglass in trust "for the separate use, occupation and enjoyment of Elizabeth H. Mitchell, free from the intervention and control of all other persons whomsoever;" and in further trust that he would permit her "to retain in her own possession and for her own separate and sole use the above-described lands, free from the control, contracts or liabilities of all other persons." There was the further trust that Douglass should sell, exchange or convey the land when required by the *cestui que trust* in writing, and would convey the legal title to her heirs upon her death, unless otherwise directed by her will. It was shown on the trial that the personal property levied on was purchased with produce raised on the plantation so conveyed while the same was being cultivated by Mrs. Mitchell; that her husband had never asserted ownership of the plantation or personal property, and that the plantation was paid for with the proceeds of the property conveyed by the deed of November, 1852, and with crops made on the place after purchase.

A jury was waived, and judgment rendered for appellee.

*W. H. Hamman* and *Davis & Beall*, for appellant.— By the laws of Spain, Louisiana, and the principles of equity, the wife is supposed capable of managing her separate estate, but our statute sweeps all such property under the management of the husband. (Milburn v. Walker, 11 Texas, 343.) And the distinction between separate property of the wife and property limited to her

sole and separate use is not recognized by our laws. (Cartwright v. Hollis, 5 Texas, 164.)

"The common law is not and never has been in force in this State on the subject of marital rights." (Bradshaw v. Mayfield, 18 Texas, 29.)

In the case of Magee v. White, 23 Texas, 191, it occurs to us that the question is clearly and conclusively settled that no estate in equity can be created that will deprive the husband of the right to manage and control the separate property of the wife. In the very learned and exhaustive opinion of the court in that case the following language is used:

"The very object of creating an equitable estate in England for the wife was to prevent the husband from controlling and managing it, whereas our laws declare that the husband shall have the sole management of the wife's separate estate during the marriage. And it is clear that by our law it is intended that the husband shall receive the proceeds of the lands and slaves of the wife, and that he may dispose of the same," etc.

But admitting for the sake of argument that it is competent to create the equitable estate in land, then we insist, in the second place, that said trust estate could only extend to the corpus of the property conveyed by its terms, and that the crops raised on the land would be, under the decision of this court, the common property of husband and wife, and liable to the writ of execution. This proposition seems to be so clearly settled in the case of De Blane v. Lynch, 23 Texas, 28, that we deem it needless to cite any other authority. In that case the court say: "The principle which lies at the foundation of the whole system of community property is, that whatever is acquired by the joint efforts of husband and wife shall be their common property. It is true that in a given case satisfactory proof might be made that the wife

contributed nothing to the acquisition; or, on the other hand, that the acquisition of property was owing wholly to the wife's industry. But from the very nature of the marriage relation, the law cannot permit inquiry into such matters. The law conclusively presumes that whatever is acquired, except by gift, devise, descent, or by the exchange of one kind of property for another, is acquired by their mutual industry."

It will be further perceived, by the terms of the deed in evidence in this case, that the possession of the property is not withdrawn from the *cestui que trust*, nor does the trustee have any control of said property, nor the fruits and revenues arising therefrom. And we submit that the legal force and effect of said trust deed is nothing more than if said property had been conveyed to her in her individual name. Indeed, under the evidence, this seems to have been the sole object of the deed, as it was thought doubtful at the time of the execution of the instrument whether the title could be made to her, she being a married woman.

Now it will not be controverted that if the land had been conveyed to Mrs. Mitchell as her separate estate, the crops would have been community. Can the fact of the legal title being suspended in the trustee for the sole benefit of the *cestui que trust*, and leaving the land subject to her sole control, change the operation of the general laws regulating marital rights in this State? We think not, and believe the cases cited clearly and fully support the view presented.

*Terrell & Walker*, for appellee.—The deed to Douglass shows that Mrs. Mitchell's right was not in the fee to the land, but a right to possess and use it "free from the control, debts or liabilities of any other person whomsoever." Her separate property was not the land, but its

produce. The very object of the trust was to protect the increase of the land from the future liabilities of any one save the *cestui que trust*.

It is shown that appellee did control the plantation "free from the control" of any other person; and the produce grown on it was not the increase of separate property, for the title was in the trustee, but became itself separate property by the express terms of the trust deed, which Dr. Mitchell assented to, being present, then wealthy and free from embarrassment.

The world had notice of the transaction by the record of the deed. To subject the property now to the husband's debts would be to deny a party the power to provide for his family while in prosperity, to alienate all interest which might accrue to him in future, to violate the solemn engagements of the parties, which contravened no policy of the law, and were made when the parties were not only solvent but wealthy. We submit that no instance can be found where the courts have held that the increase or crops grown on trust property like this was subject to the husband's debts. Every such case is where the title is in the wife, and the property, under the law, subject to the husband's control—the crops in such cases being protected by no trust.

It was to avoid such a construction, we may suppose, that the title was placed in a trustee, charged with the duty of seeing that the profits of the plantation should inure to the wife's "sole, separate and individual benefit." In equity the accumulations of the trust estate belong to the wife." (Law of Trusts, 688; McLeod v. Board, 30 Texas, 238.) And Texas courts will apply in this case the English construction of trust estates. (Magee v. White, 23 Texas, 190.)

WALKER, J.—It is admitted that the property levied on to satisfy an execution against James Mitchell, and

claimed by the appellee, grows out of the corpus of property (land, negroes, etc.) deeded to William E. Douglass by James Mitchell, on the fifteenth day of November, 1858, for the sole and separate use of Mrs. E. H. Mitchell.

We can find nothing in any of the constitutions or laws of the State or Republic which would prevent a married man from declaring an express trust in favor of his wife, and giving her the exclusive use and enjoyment of all the rents, issues and profits of the trust estate, provided there is no fraud in the transaction against creditors. And the only question presented for our decision in this case is, does the deed to Douglass referred to create such an estate? Douglass held the legal title to the property, for the use of Mrs. Mitchell. The language of the trust is full and explicit. It is, "For the separate use, occupation and enjoyment of the said Elizabeth H. Mitchell, free from the intervention or control of all other persons whomsoever."

Had Mrs. Mitchell held this property in her own name and right, there can be no doubt but that its accumulations would have belonged to the community estate of herself and husband, and might have been subject to the execution levied upon it. We are aware that this question is not free from some embarrassment. The remark of Chief Justice Hemphill, in Cartwright v. Hollis, 5 Texas, 164, "that the distinction between the separate property of the wife and property limited to her sole and separate use is not recognized by our laws; the property denominated separate is regarded as limited to her sole and separate use, and necessarily excludes the common law rights of the husband in such property, by virtue of the coverture;" and similar remarks in Williams v. Walker, 11 Texas, 329, have left the profession in some doubt as to the rights of married women over their separate property; but we do not think it was ever

the intention of this court to hold, that aside from any statutory estate, or the laws governing such estates, a married woman might have created in her an equitable estate, and have an exclusive right to the enjoyment of such estate, entirely discharged of all right and interest of the husband.

We had no statute in Texas in force in 1858 which prevented a married woman from taking just such an equitable estate as Mrs. Mitchell took under the deed from James Mitchell to W. E. Douglass, or which would prevent her receiving and appropriating to her own use the issues and profits of her equitable estate. In Magee v. White, 23 Texas, the court, in a very able opinion by Judge Bell, reviews the former cases, and, as we think, not without some just criticism; and in this opinion the separate equitable estate of the wife is fully recognized, and the rules of the common law applied to it. And we think the rules of the common law, and no other law, apply to the estate of Mrs. Mitchell, under the trust deed to Douglass. The deed appears to have been made at a time when the husband was free from debt, and in such circumstances as utterly to repel the idea of fraud in the establishment of the trust.

We think the case has been rightly disposed of in the District Court, and we therefore affirm the judgment.

                                        AFFIRMED.