## TEXAS & PACIFIC RAILWAY COMPANY V. CANIE MAHAFFEY.

### No. 1387. Decided January 23, 1905.

**1.—Constitutional Law—Sale of Railway Ticket—Penalty.**

The Supreme Court, following the ruling of the Court of Criminal Appeals on a penal statute, hold, on the authority of Jannin v. State, 42 Texas Crim. Rep., 631, that section 3 of the Act of May 2, 1903 (Rev. Stats., arts. 4560a-4560e; Penal Code, arts. 1010d, 1010f), is void because unconstitutional. (P. 395.)

**2.—Statute Unconstitutional in Part.**

When a statute contains an unconstitutional provision and another which if standing by itself would be valid, the latter will be given effect provided that they are so clearly independent of each other that the court can say that the Legislature would have passed it if the former had been omitted; but otherwise, the entire statute must fall. (P. 395.)

**3.—Same—Sale and Redemption of Railroad Tickets.**

The law imposing a penalty on a railroad company for failing to redeem an unused railroad ticket, Act of May 2, 1903, section 5, is so connected in purpose with section 3 of the same act making the unauthorized sale of railroad tickets a penal offense, that, when section 3 is held unconstitutional, section 5 must also be held invalid. (Pp. 393-395.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Bowie County.

Mahaffey sued the railway company for penalty for failing to redeem the unused portion of a railway ticket. Plaintiff recovered judgment, which was affirmed upon appeal; thereupon the railway company procured writ of error.

*T. H. Freeman* and *Glass, Estes & King,* for plaintiff in error.—A statute that imposes a penalty on some railroad companies for failure to redeem a ticket, not imposed on other railroad companies, is unconstitutional, as denying to them the equal protection of the laws. Gulf C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150; Donaldson v. Railway Co., 45 S. W. Rep., 391; Railroad and Tel. Co. v. Board of Equalizers, 85 Fed. Rep., 317; Los Angeles Gold Min. Co. v. Campbell, 56 Pac. Rep., 248.

The penalty invoked by Rev. Stats., art. 4560d, is unreasonable, and is therefore unconstitutional and void as a police regulation.

Police power does not embrace a statute to compel the payment of a debt. Gulf C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150.

*W. P. Mahaffey* and *Hart & Mahaffey,* for appellee.—By its first assignment of error, the appellant challenges the constitutionality of the act of the Legislature which provides for the penalty here sought to be

recovered, its first contention being that the act in question contravenes the fourteenth amendment to the Constitution of the United States in that it denies to appellant the equal protection of the laws and imposes on defendant burdens and penalties not imposed on others. Answering this contention of appellant, we have to say that our Supreme Court has time and again held acts similar to the one in question constitutional. Houston & T. C. Ry. Co. v. Harry Bros., 63 Texas, 258; Union C. Life Ins. Co. v. Chowning, 86 Texas, 654; Manhattan Life Ins. Co. v. Fields, 26 S. W. Rep., 280.

Appellant further insists that the act in question is unconstitutional because there is no penalty affixed by law for a holder of a ticket disposing of the same, since our Court of Criminal Appeals in case of Jannin v. State, 51 S. W. Rep., 1126, has so held as to that portion of the act providing a fine for disposing of a ticket other than to an agent of the railway company. While this is true, on the other hand, the Court of Civil Appeals for the Second District, through Judge Hunter, in the Fookes case, 40 S. W. Rep., 858, has held the act in question valid. Giving full force to the decision of Judge Henderson in the Jannin case, our position is that the entire act is not thereby rendered nugatory, but only that portion which attempts to create a criminal offense. Cooley on Const. Lim., 5 ed., 211, 212.

GAINES, Chief Justice.—The defendant in error brought this suit under article 4560d of the Revised Statutes to recover for the unused part of a return ticket over the company's road, and also for a penalty for the refusal of the company to redeem the ticket. She recovered a judgment for 62 cents and for $100 as a penalty. This judgment was affirmed by the Court of Civil Appeals.

The assignments of error in that court and in this assail the validity of the act as being in contravention of the Constitution of the State and of the United States. The validity of a statute being involved, we have jurisdiction, although the suit might have been brought in the county court. Rev. Stats., art 996. Omitting only the title and the emergency section, the act reads as follows:

"Section 1. Be it enacted by the Legislature of the State of Texas: That it shall be the duty of all railroad companies doing business in this State, or the receiver of any such railroad company, through their duly authorized officers, to provide each agent who may be authorized to sell tickets or other evidences entitling the holder to travel upon any such railroad, with a certificate setting forth the authority of such agent to make such sale. Such certificate shall be duly attested by the corporate seal of such railroad company, or the signature of the receiver, if any there be, of such railroad company, or by the signature of the officer whose name is signed upon the tickets or coupons which such agent may be authorized to sell.

"Sec. 2. That it shall not be lawful for any person not possessed of

such authority to sell, barter, or transfer, for any consideration whatever, the whole or any part of any ticket or tickets, passes, or other evidences of the holder's right to travel on any railroad within this State.

"Sec. 3. That any person or persons violating the provisions of the second section of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by fine not exceeding five hundred dollars ($500); and every such sale shall constitute a separate offense; provided, that the provisions of this section shall not apply to any person holding a ticket upon which there is not a notice, plainly printed, that it is a penal offense for him or her to sell, barter, or transfer said ticket for a consideration.

"Sec. 4. That it shall be the duty of every agent, who shall be authorized to sell tickets or parts of tickets, or other evidences of the holder's right to travel over any railroad within this State, upon demand, to exhibit to any person desiring to purchase a ticket, or to any officer of the law who may request it, the certificate of his authority to sell, and to keep said certificate posted in a conspicuous place in his office for the information of travelers.

"Sec. 5. That it shall be the duty of all railroad companies in this State, or the receiver or trustee of any such railroad company, to provide for the redemption, from the holder thereof, of the whole, or any parts or coupons, of any ticket or tickets which they or any of their duly authorized agents may have sold, if for any reason the holder has not used, and does not desire to use the same, upon the following terms: If neither the ticket nor any part thereof has been used by the holder, he shall be entitled to receive the full amount he paid therefor, and where the ticket has been used in part, the holder thereof shall be entitled to receive the remainder of the price paid for the whole ticket, after deducting therefrom the tariff rate between the points for which the portion of said ticket was actually used: Provided, such tickets or parts thereof shall be presented for redemption to the railroad company from which it has been purchased, or the receiver of such railroad company, or to any of the duly authorized ticket agents of such railroad company, or receiver thereof, or in case a through ticket, to any of the authorized agents of any connecting line, within a time not exceeding ten days after the right to use said ticket has expired by limitation of time as stipulated therein. Any person or persons who shall sell any unused ticket otherwise than by presentation of the same for redemption, as herein provided, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not exceeding five hundred dollars ($500); provided, that the provisions of this act shall not apply to any person holding a ticket upon which it is not plainly printed that it is a penal offense for him or her to sell, barter, or transfer said ticket for a consideration; and any railroad company, or receiver, or trustee of such railroad company, over or on which said ticket may be used, which shall refuse or fail to redeem the whole or any part or coupon of any ticket or tickets, when presented,

shall forfeit to the holder thereof a sum not less than $100, nor more than $500, recoverable in any court of competent jurisdiction.

"Sec. 6. That it shall be the duty of the railway company to print conspicuously across the face of every ticket sold by its duly authorized agents in this State a notice to the holder thereof that it is a penal offense for him to sell, barter, or transfer said ticket for a consideration, and that this ticket or any unused part thereof is redeemable by the company or its receiver at any ticket office of the company, when presented for redemption."

In the case of Jannin v. The State, 42 Texas Crim. Rep., 631, our Court of Criminal Appeals has held, that by reason of the proviso contained therein, section 3 of the act, in so far as it attempts to make the sale of a railroad ticket a penal offense, is unconstitutional and void. This being a matter peculiarly within the jurisdiction of that court, we feel constrained to follow its decision, and therefore must treat section 3 of the act as invalid. We are thus confronted with the question, does the invalidity of that section render section 5 void also? We see no reason for holding that the latter section, if it stood by itself, is not a proper exercise of legislative authority, nor has any reason for such holding been urged in argument by counsel for the plaintiff in error. It is settled law and now a familiar rule, that where a statute contains an unconstitutional provision and another which, if standing by itself would be valid, the latter will be given effect, provided they are so clearly independent of each other that the court can say that the Legislature would have passed it, if the former had been omitted. On the other hand, if they be so connected one with the other, or so dependent one upon the other, that it is apparent that the Legislature would not have passed the act except as a whole, then the entire statute must fall. Let us apply the rule to the statute in question. It seems to us that the main purpose of the act was to prohibit dealing in railroad tickets, which had been issued to travelers, and which for any reason remained, either in whole or in part, an outstanding obligation of a railroad company to carry a passenger. The scheme was to accomplish this object and at the same time to avoid doing an injury to the holders of such tickets by requiring the railroad companies' to redeem them. Therefore by section 5 it was made the duty of the companies to redeem such tickets and a penalty was provided for their failure to do so. For this reason, we are of the opinion that the propriety of requiring the railroad companies to redeem unused tickets grew out of the provision which prohibited the sale of such tickets, and that but for the enactment of section 3 section 5 would not have been passed. Therefore the two sections must fall together.

There being, in our opinion, no valid law for this proceeding, the judgment of the District Court and that of the Court of Civil Appeals is reversed and judgment is here rendered for the plaintiff in error.

*Reversed and rendered.*