## COMMISSIONER OF INTERNAL REVENUE v. TERRY.

### No. 6966.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1934.

Frank J. Wideman, Asst. Atty. Gen., Helen R. Carloss and Sewall Key, Sp. Assts. to Atty. Gen., E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Ballinger Mills, of Galveston, Tex., for respondent.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Anna Davis Terry, a married woman living with her husband in Texas, was given by will a portion of "the net interest, income and revenue arising from the property bequeathed * * * during her lifetime." She and her husband made separate income tax returns for 1926, each including therein one-half of the income received under the will during that year. The returns as so made were approved by the Board of Tax Appeals on the ground that, under the Constitution and laws of Texas, as construed by the courts of that state, the income received under the will was community income in which the wife and her husband each had a half interest. 26 B. T. A. 1418. The Commissioner, taking the position that the income so received was the separate property of the wife, has filed here a petition to review the Board's decision.

Under the Revenue Act of 1926, which is applicable to the taxable year involved, gross income does not include the value of property acquired by gift, devise, or bequest, but does include the income from such property. Section 213 (b) (3), 26 USCA § 954 (b) (3). The Texas Constitution provides: "All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be her separate property." Article 16, § 15. All property acquired by the wife during coverture, except by gift, devise, or descent, is the common or community property of herself and her husband. Article 4619, Texas Revised Civil Statutes; Lee v. Lee, 112 Tex. 392, 247 S. W. 828. In Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, it was held that the Legislature was without power either to enlarge or diminish the wife's separate property, and hence that article 4614, as amended by Acts Tex. 1929, c. 32, § 1 (Vernon's Ann. Civ. St. Tex. art. 4614), was invalid in so far as it attempted to add to the separate property the rents and revenues derived therefrom. It follows that income from the wife's separate property is community income in which she and her husband each have a half interest. Whether, if the income had been devised, it would be separate or community property, we find it unnecessary to decide. In our opinion the respondent was given by the will a life estate in the testator's property. The devise to her of the income and profits from that property for life had the effect of giving her the property itself for life. Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 580, 15 S. Ct. 673, 39 L. Ed. 759; United States v. Looney (C. C. A.) 29 F.(2d) 884. In Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 476, 69 L. Ed. 897, it is said: "Apart from technicalities we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it." Respondent's interest in the property devised was exempt from taxation, but the income derived therefrom was not. As that income was owned by the community, it was taxable to respondent's husband as well as to her. This being so,

it was not error to allow the husband and wife to make separate returns, each of one-half of the community income. Hopkins v. Bacon, 282 U. S. 122, 51 S. Ct. 62, 75 L. Ed. 249.

The petition for review is denied.