**HURD v. UNITED STATES.**
No. 43362.

Court of Claims.
March 7, 1938.

Robert A. Littleton, of Washington, D. C., for plaintiff.

Guy Patten, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff and her former husband (the taxpayer), now deceased, were citizens of the state of Texas during the period under consideration.

Two questions are involved in this case. One is whether the income of the husband derived in 1928 from rents of property acquired by him after marriage by gift, devise, or descent was at that time his separate property and taxable to him alone. The other is whether the claim for refund made by plaintiff was reconsidered so as to extend the period of limitations for recovery of an overpayment.

The determination of the first of these questions requires a construction of the Constitution of the state of Texas and the validity thereunder of a statute enacted by the Legislature of that state in 1925 by article 4613 which provides that "the rents and revenues derived" from real property of the husband acquired by him after marriage "by gift, devise, or descent, * * * shall be his separate property."

The income upon which the tax in controversy was levied was derived by the husband from real property acquired by descent. The Commissioner, in accordance with the terms of this statute, did not regard this income as community property, but assessed the tax against the husband upon the basis of his being the owner in entirety. The plaintiff, however, contends that article 4613 was invalid under the Constitution of the state of Texas.

The question thus raised must be determined in accordance with the holdings of the courts of that state. It is true that Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, held a similar provision unconstitutional as to the wife's separate estate under certain provisions of the Constitution, but enforced another part of the same statute. Subsequently, in Stephens v. Stephens, Tex.Civ.App., 292 S.W. 290, 292, decided Feb. 23, 1927, the provision quoted from article 4613 was considered. The opinion stated:

"On February 10, 1921, the date of the marriage between appellee and appellant, the law of 1917 (Laws 1917, c. 194), providing that the rents and revenues from the separate land from either spouse should be separate property, had been passed. This law, and the 1921 amendment thereto (Laws 1921, c. 130), on the account of the insufficiency of the caption to the bill, were held invalid. It was also held unconstitutional as to the wife's separate estate, as her separate property rights could neither be increased nor diminished because defined and fixed by section 15, art. 16, of the Constitution of the state. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799.

"The Constitution does not define the separate rights of the husband. The 1925 Compiled Statutes of Texas, art. 4613, adopted by the Legislature, re-enacted the provision making the rents and revenues from the husband's separate land the separate property of the husband, and, in our opinion, cures the defective caption to the bill."

In the case last cited the question was whether oil derived from land which was the separate property of the husband was community property. The court went on to say that the record showed that a large portion of the oil in controversy for which pay was received was delivered "after article 4613 of the 1925 Statutes became effective," but in its final decision made a ruling which rendered it unnecessary to apply the provisions of that article. Nevertheless, we think the clear implication of the decision is that the provision under consideration was constitutional as to the property of the husband.

Plaintiff relies to some extent upon Commissioner v. Terry, 69 F.2d 969, decided March 24, 1934, in which the Circuit Court of Appeals for the Fifth Circuit held that income from the wife's separate property in Texas was community income in which each spouse had a half interest and was taxable one-half to each, but it will be observed that this is a different question from the one involved in the case at bar, the determination of which is controlled by the case of Stephens v. Stephens, supra.

Plaintiff relies mainly upon the decision of the Circuit Court of Appeals for the Fifth Circuit in Commissioner v. Wilson, 76 F.2d 766, decided April 4, 1935. In that case the court held that the provision of article 4613 was unconstitutional in so far as it undertakes to make the "rents and revenues derived" from the separate property of the husband his separate property. We think the opinion in the case last cited does not give sufficient weight to the decisions of the Texas courts, and the fact that the Constitution contains nothing forbidding such legislation. Consequently, we are unable to agree in the conclusion expressed therein.

As part of the reason for the decision made in the case last cited it is stated that the course of legislation in Texas indicates a purpose to treat the husband and wife alike in fixing their separate estates as against the community. This may be granted, but we think it affords no reason for holding provisions invalid which do not conflict with the Constitution. Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249, cited in the decision of the Circuit Court of Appeals, in our opinion, has no bearing as it dealt with what was conceded to be community property and the question to be determined was altogether different from the one involved in the case before us.

The Texas legislature in 1929 passed an act to amend articles 4613 and 4614, Acts 1929, c. 32, § 1, Vernon's Ann.Civ. St.Tex. arts. 4613, 4614, which had the effect of repealing the provisions with reference to the husband's separate estate as of the date of its enactment. But this action, as we think, merely tends to show that the Legislature considered the provisions of article 4613 as valid with reference to the husband's estate and in accordance with the "course of legislation" enacted the amendment in order that husband and wife might be treated alike. This amendment would not affect the taxable status of the taxpayer during the year for which the tax was assessed.

It follows from what we have said above that the challenged acts of the Commissioner of Internal Revenue must be sustained. This conclusion makes it unnecessary that we should pass upon the other questions raised and discussed by the respective parties, and the petition must be dismissed.

LITTLETON, Judge, did not hear this case and took no part in its decision.