## COMMISSIONER OF INTERNAL REVE-
## NUE v. SKAGGS.

### No. 9174.

Circuit Court of Appeals, Fifth Circuit.

Sept. 22, 1941.

FOSTER, Circuit Judge, dissenting in part.

Helen R. Carloss and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Robert Ash, of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

The taxpayer, L. L. Skaggs, was married in January, 1929, and has since been domiciled in Texas. In 1926 he had ac-

722

quired a building in California, which yielded in the tax year 1934 net rents upon a lease in the amount of $11,468. In 1926 he had acquired also stock in a corporation, Safeway Stores, in lieu of an interest he formerly had in the business. This stock he sold in the tax year 1934, and realized a capital gain of $16,863. In his income tax return he treated both these items as community income and returned only half. The Commissioner held both to be his separate income and assessed an additional tax. The Board of Tax Appeals, 38 B.T.A. 921, held with the taxpayer, and the Commissioner petitions for review.

■ We assume that the Safeway Stores is a Texas corporation and that its stock is personalty under the Texas law. Both parties concede that the law of Texas fixes the ownership of it and its proceeds, the question being whether under that law the gain realized by its sale is the separate property of Skaggs, or falls into the marital community. The provisions of the Texas Constitution and statutes are quoted and discussed in Commissioner v. Wilson, 5 Cir., 76 F.2d 766, 768. In defining the separate property of husband and wife as that owned or claimed before marriage and that acquired afterwards by gift devise or descent, the statutes add "as also the increase of all lands thus acquired." Vernon's Ann.Civ.St. arts. 4613, 4614. The Board following its decision in the case of W. T. Carter, Jr., v. Commissioner, 36 B.T.A. 853, held the statutory meaning to be that while any increase in value of separate land realized by a sale would be separate property, it would be otherwise as to personal property, because the mention of increase of land excludes increase of personalty, and the statutes expressly make to be community property all acquisitions during marriage which are not separate property. The argument is plausible, but we do not think the construction is in accord with the Texas decisions. These recognize the identifiable proceeds of sale of separate property to be separate property, whether the property sold be real or personal. In O'Connor v. Commissioner, 5 Cir., 110 F.2d 652, we held the gain on a sale of separate personal property to be taxable to the separate owner, and cited the Texas decisions from the beginning, affirming the Board's decision in that case.

There are cases in Texas in which it was shown that the gain realized came largely from the expenditure of the time and efforts of the spouse during the marriage, in which the claims of the community were recognized, but in such instances the proceeds of sale were not identified as arising wholly from the separate property.[1] The Board's case of W. T. Carter, Jr., supra, was of that kind and was correctly distinguished on that ground in deciding the O'Connor case, supra, 40 B.T.A. 489. We think the O'Connor case is controlling here. 11 Am.Jur., Community Property, § 26. 23 Texas Jur., p. 142, § 114; 126 Am.St. Rep. p. 114, and cases cited.

■ As to the rents from the California realty, the question is whether their ownership is to be determined by the law of California or that of Texas. Both States have the law of the marital community derived from the old Spanish law. By the Spanish law the rents of separate property fell into the community. 11 Am.Jur., Community Property, § 32. This is the law in Texas, so far recognized by the State Constitution that the effort to enlarge by statute the wife's separate estate by adding the rents to it was held unconstitutional. Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799. We held in Commissioner v. Wilson, 5 Cir., 76 F.2d 766, that the part of the same statute which also added to the husband's separate estate the rents thereof was so intimately connected with the unconstitutional provision as to fall with it. The Court of Claims, Hurd v. United States, 22 F.Supp. 421, reached a different conclusion, but the Texas legislature itself, Texas Laws 1929, C. 32, § 3, p. 66, declared: "The Legislature never would have provided, or attempted to provide, that the rents and revenue derived from the husband's separate property should be his separate estate if it had known that the correlative portion of the Statute, which provided that the rents and revenues derived from the wife's separate property should be her separate estate, was in conflict with the Constitution, as heretofore held by the Supreme Court of Texas; and the fact that both of said correlative provisions, though unconstitutional, remain on the Statute Books and are, therefore, confusing and misleading," was made the ground for eliminating both provisions as

[1] A similar idea is expressed in a Code section in Louisiana, which was dealt with in its application to an increase in value of corporate stock, in Beals v. Fontenot, 5 Cir., 111 F.2d 956.

an emergency measure. We are satisfied that the conclusion we reached in the Wilson case was correct and that rents of separate property in Texas of both spouses have always been community property. Certainly the Act of 1929 removed any doubt, and the rent here in controversy accrued in 1934.

In California the Spanish law has been by valid statute modified so that the separate property of each spouse includes "the rents, issues, and profits thereof." California Civil Code, §§ 162, 163. 11 Am.Jur., Community Property, § 32. The question therefore is whether the federal income tax laws should regard the rents arising from realty in California separately owned by Skaggs as his income according to the law of California, or as falling into the marital community according to the law of Texas.

. Marriage is a very personal matter, and its incidents are in general regulated by the law of the matrimonial domicile. But the Spanish and French laws touching community property, and those of California and Texas and other States derived from them, are held to be, in the vocabulary of the civilians, statutes real and not statutes personal; that is to say, they apply to things within a country's jurisdiction rather than to persons wherever they may be or go. Hammonds v. Commissioner, 10 Cir., 106 F.2d 420. It should follow that things, whether movable or immovable, actually situate in a State and effectively within its power, should be governed by the law of that State. It is universally held that real or immovable property is exclusively subject to the law of the country or State in which it is situated, and no interference with it by the law of any other sovereignty is permitted. 11 Am. Jur., Conflict of Laws, § 30. And the question whether property is real or personal is to be solved by the law of the place where it is actually located. Id., § 29. These rules apply to questions of the marital rights of spouses in property. 11 Am. Jur., Conflict of Laws, Sects. 50, 85; Id., Community Property, §§ 10, 11. The Board in this case recognized that the California land was subject to California law only, and that the rents from it prior to accrual were a part of the land, but thought that after accrual the rents were mere choses in action having no actual situs and would take a fictional situs at the domicile of Skaggs for tax purposes, and

thus fall under the Texas law and become the property of himself and wife. We think the reasoning too artificial and tenuous. The receipt of the rents, issues or profits of land constitutes its enjoyment. A deed or devise of the income from property gives a corresponding right in the property itself. Commissioner v. Terry, 5 Cir., 69 F.2d 969; Irwin v. Gavit, 268 U. S. 161, 45 S.Ct. 475, 69 L.Ed. 897. If the Texas community law can transfer to Skaggs' wife a half interest in the rents and profits of his land in California, it in effect gives her a half interest in the land for the period of the marriage. An immature crop, like unaccrued rent, is a part of the land; and it becomes personalty when gathered—just as rent past due does —no longer passing with the land as part of it; but we think in neither case would the law of another State be effective to change the ownership of the crop on its gathering, or of the rent on its becoming due. In Robinson's Succession, 23 La.Ann. 174, the marital community of a Louisiana couple sought to have the husband's separate estate account for cotton raised on his separately owned farm in Mississippi. It was held the cotton was separate property. In the Hammonds case, supra, a wife whose earnings were her own at her domicile in Oklahoma, received for her services an interest in an oil lease in Texas, which she converted into money and an oil payment. The oil lease was realty in Texas, and what came out of it, cash and oil, was held governed for federal tax purposes by the Texas community law and not by the law of her domicile. The rent on this California land was certainly the property of Skaggs at the moment it became due. We do not think the Texas law, being a statute real, operates to change the ownership instantly afterwards.

Skaggs in his brief says that at the trial before the Board he was misled by counsel for the Commissioner into thinking there would be no contention that the capital gain above discussed was separate, and so the stipulation of facts was not so full as it would have been, the truth being that Skaggs had from 1926 till July 1, 1929, been president and a director of Safeway Stores. The Commissioner amended his brief before the Board before its final decision was made, urging the point now said to have been abandoned. The petition to this court for review makes this point a prominent ground. Neither

before the Board nor by answer or motion in this court has any effort been made to reopen the evidence. The suggested additional facts do not seem sufficient to show any substantial personal efforts of Skaggs between his marriage in January and his ceasing to be a director July 1, 1929, which caused an increase in the value of his stock when sold in 1934. The case here is more like National Labor Relations Board v. Tex-O-Kan Flour Mills, 5 Cir., 122 F.2d 433, where no relief was given, than Crabb v. Commissioner, 5 Cir., 121 F.2d 1015, where we directed the Board to take further evidence. We shall reverse the judgment in the present case, but without prejudice to the filing before the Board of a motion to hear further evidence on the point indicated if in its discretion such motion ought to be entertained. The judgment is accordingly reversed and the cause remanded for further proceedings by the Board not inconsistent with this opinion.

FOSTER, Circuit Judge (concurring in part and dissenting in part).

I agree with the conclusion of the majority holding that the profit on the stock in the Safeway Stores is the separate property of the husband. On the other hand, I consider the rent of the real estate in California was personal property of the husband. The situs was in Texas where he was domiciled and it fell into the community.