## HOUSTON FARMS DEVELOPMENT CO. v. UNITED STATES.

### No. 10304.

Circuit Court of Appeals, Fifth Circuit.

Nov. 30, 1942.

Rehearing Denied Jan. 27, 1943.

---

578

L. E. Blankenbecker, of Houston, Tex., for appellant.

Earl C. Crouter and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Brian S. Odem, Asst. U. S. Atty., of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant sued in the district court to recover income taxes illegally exacted for the year 1935. The court found against its main contention, and this appeal was taken.

The question is whether certain payments made to the taxpayer by Sun Oil Company in a negotiation for and under oil leases were in the nature of bonuses, against which a percentage depletion deduction should be allowed, or were in the nature of rentals, as to which no deduction can be claimed. Taxpayer owned 3,400 acres which Sun Oil Company wished to explore geophysically for oil, and on April 11, 1935, they on payment of $7,500 entered into an agreement in the general form of an oil lease, but with a provision that it should terminate fifty-five days thereafter on June 5, 1935, "unless on or before that date Lessee, at its election, pays to Lessor * * * $12.50 per acre for all or such part of the land as Lessee desires to retain hereunder * * *. The payment so made shall have the effect of maintaining Lessee's rights in the land so retained for a period of twelve months from the selection date above stated without operations or further payment. If operations for drilling a well shall not be commenced on the land retained on or before June 5, 1936, this lease shall terminate as to both parties unless on or before such anniversary date Lessee shall pay to Lessor * * * $5 per acre for the acreage Lessee elects to retain hereunder, herein called rental, which shall extend for twelve months the time within which operations may be commenced. In like manner and upon like payments or tenders annually the commencement of operations may be further deferred for successive periods of twelve months, etc." On June 3, Sun had not completed its investigation and another writing was made to extend the selection date to July 3, 1935, on the present payment of $12,500, which payment was to be a credit on the selection price if a selection was finally made. A selection of 2,000 acres was in due time made, and an additional $12,500 was paid, making the amount due to be paid for 2,000 acres at $12.50 per acre as first agreed. The $7,500 paid April 11th on making the first agreement was held to be a bonus and depletion allowance was made against it. The $25,000 later paid was held to be in the nature of a delay rental, entitled to no depletion allowance.

The question is one of the application of the federal taxing statutes. The definitions of bonus and delay rentals which may have been made by courts of the State of Texas are not controlling and need not be particularly examined. Since Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318, and Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L. Ed. 199, it has been consistently held that cash payments made to obtain an oil lease will, under the income tax laws of the United States, be regarded not as mere consideration for the lease, but as royalties paid in advance for oil expected to be produced, and thus to represent oil taken out just as royalties do, and entitled to the same deduction for depletion of the oil reserve. On the other hand money paid because of delay to produce oil, and to maintain control of the lease, are in the nature of rent, involve no depletion of the oil reserve, and are entitled to no depletion deduction. Commissioner v. Wilson, 76 F.2d 766. We believe there is no conflict of authority on this point.

Whether the $25,000 paid was for mere delay, rather than for oil expected to be produced, is best ascertained from the agreement of the parties. Under the above-quoted language, "the payment so made shall have the effect of maintaining Lessee's rights in the lands so retained for a period of twelve months from the selection date above stated without operations or further payments", we think it clear that the money was paid merely for holding the lease for a year without the necessity of drilling. It is in the nature of rental, involving no depletion of the oil reserve. This is made even clearer by the succeeding agreement to pay $5 per acre per year for succeeding years for the same identical purpose, and this is expressly called rental. We see no difference at all in the purpose and effect of the payments. They are all in the nature of rentals, as respects depletion. There was no error in so finding.

It is conceded that as respects a restoration of income of a part of the depletion allowance made against the $7,500 paid April 11th, a slight error was made against the taxpayer, but the amount of the error has not been ascertained. The cause is remitted to the district court, with direction to correct this error.

Remanded, with direction.