**HOUSTON FARMS DEVELOPMENT CO. v. UNITED STATES.**

No. 10304.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1943.

For former opinion, see 131 F.2d 577.

L. E. Blankenbecker, of Houston, Tex., for appellant.

Earl C. Crouter and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Brian S. Odem, Asst. U. S. Atty., of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

It is ordered that the petition for a rehearing in the above numbered and entitled cause be, and it is hereby, denied.

HUTCHESON, Circuit Judge (dissenting).

Further consideration in the light of the motion for rehearing convinces me that while the opinion correctly stated the facts raising, and the principle determining the answer to, the question the case poses, it incorrectly applied the correctly stated principle to the equally correctly stated facts.

We correctly stated: "Since Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318, and Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199, it has been consistently held that cash payments made to obtain an oil lease will, under the income tax laws of the United States, be regarded not as mere consideration for the lease, but as royalties paid in advance for oil expected to be produced, and thus to represent oil taken out just as royalties do, and entitled to the same deduction for depletion of the oil reserve. On the other hand money paid because of delay to produce oil, and to maintain control of the lease, are in the nature of rent, involve no depletion of the oil reserve, and are entitled to no depletion deduction. Commissioner v. Wilson, 5 Cir., 76 F.2d 766. We believe there is no conflict of authority on this point." We also correctly stated "Whether the $25,000.00 paid was for mere delay rather than for oil expected to be produced is best ascertained from the agreement of the parties." (Italics supplied.) We incorrectly stated that the $25,000.00 paid for a lease on the 2000 acres at the rate of $12.50 per acre, as originally agreed, "was paid merely for holding the lease for a year without the necessity of drilling", and we further incorrectly stated that the succeeding agreement to pay $5 per acre per year for succeeding years is for the same identical purpose and is expressly called rental. What we failed to say and state was that the $12.50 per acre was not provided to be paid as an alternative to drilling as the $5 per acre was. There was, on the contrary, no alternative to its payment. It was agreed to be, and it was, paid under Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318, and Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199, "to obtain an oil lease". The fact that the lease provided that the payment of the bonus would maintain lessee's rights in the land for a period of 12 months without operations or further payment does not

convert monies paid for the lease into mere rental payments.

The following clause dealing with the $5.00 payment which the parties correctly call "rental" instead of making it clear, as our opinion stated, that the $25,000 was paid not as a bonus but as rental, makes the opposite clear. For, in addition to flatly stating that this $5 per acre stipulated for was "rental", while not calling the $12.-50 rental because it was not, it shows that the $5 payment was not, as the $12.50 payment was, required absolutely and, in all events but only as an alternative to drilling.

I am, therefore, constrained to withdraw my concurrence in the original opinion and to hold that the motion for rehearing should be granted and the judgment of the lower court reversed instead of affirmed.