COMMISSIONER OF INTERNAL REVENUE v. PORTER.

SAME v. LIGHTNER.

No. 11182.

Circuit Court of Appeals, Fifth Circuit.

April 11, 1945.

Melva M. Graney, Sewall Key, and A. F. Prescott, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

Homer L. Bruce, of Houston, Tex., for the taxpayers.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Taxpayers, married women living in Texas, are beneficiaries during their lives of trusts of personal property, stocks and bonds, established by their father, a citizen of New York, and there administered. In the tax years in question, they returned, as community income, dividends and interest which had been distributed to them by the trustees. The commissioner, insisting that the trusts were created for their separate use and benefit and that the income was therefore separate, rejected the returns, assessed the income as separate, and determined deficiencies accordingly. The Tax Court,[1] in its turn, easily rejecting the commissioner's view, determined no deficiency. The commissioner is here insisting that under New York law, which controls their construction, the trusts are spendthrift trusts, trusts which give the trustee the right to collect income and direct him only in respect to paying it over, and that the income must be considered as coming to them directly by gift and not as income derived from their separate property.

Taxpayers, invoking the rule settled in Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, that income from separate property falls when received into the community, the rule settled in Commissioner of Internal Revenue v. Terry, 5 Cir., 69 F.2d 969, and Commissioner of Internal Revenue v. Wilson, 5 Cir., 76 F.2d 766, that the fact that the income is from property given in trust instead of direct to the taxpayers does not alter the general rule, and the rule that "a gift of the income of a fund ordinarily is treated by equity as creating an interest in the fund", Irwin v. Gavit, 268 U.S. 161, at page 167, 45 S.Ct. 475, at page 476, 69 L.Ed. 897, insists that the Tax Court was right, the commissioner was wrong.

The commissioner, arguing that a spendthrift trust, a trust for the collection and distribution of income, is the same in legal effect as one in which it is provided that the income "is to be received to their sole and separate use and no other", stoutly insists, on the authority of McClelland v. McClelland, Tex.Civ.App., 37 S.W. 350,

---

[1] 2 T.C. 1244.

358;[2] Sullivan v. Skinner, Tex.Civ.App., 66 S.W. 680;[3] Hutchison v. Mitchell, 39 Tex. 487[4] and Speer on the Law of Marital Rights, Secs. 410–413 and 445,[5] that the income in question here was separate property.

Taxpayers, scorning Hutchison v. Mitchell as a decision of the Semicolon or Carpet Bag Court of Texas, and therefore not authoritative,[6] giving Sullivan v. Skinner, though writ of error was denied in it, scant credit because it has not been cited since, and pointing out that the McClelland case dealt not with income which had been paid over to the beneficiary but with a claim to income still held in the trust, insist that the first two are contrary to the law of Texas, as established in Arnold v. Leonard, supra, and that the McClelland case is not in point.

In the state of the Texas authorities, a writ of error having been denied in Sullivan's case, we are not prepared to go as far as the taxpayers do in their claim, that under the law of Texas, a trust could not be validly created upon terms giving income to a wife or a husband, for life, as their separate property. It is not necessary, however, for us to decide that question here, for if in the light of the constitutional definition of separate property and of Arnold v. Leonard, supra, such purpose could be effectively expressed, it is perfectly clear that no such intent is expressed in the trust in question here. There is nothing in the fact that a trust is a spendthrift trust designed to protect property from creditors and from alienation by the beneficiary from which such an inference or implication could be drawn. It is true that spendthrift trusts are valid in Texas, that the courts of Texas are distinctly committed to the doctrine that a grantor may do with his property by way of gift what he will, and that he enjoys great freedom here in drawing the donative instrument to give effect to his intent.[7] This court, in one of the McClelland cases from Texas,[8] has said substantially the same thing. But in view of the generally prevailing rule in Texas, that income from separate property falls when received into the community, it is certainly true that if by the use of a trust instrument this general rule can be departed from, the instrument must, in the most precise and definite way, and by the use of language of unmistakable intent, make that desire and intention clear. There is not a line in the trust instruments in question here to even suggest that the settlor of these trusts intended to change, as to the income his daughters should receive, the ordinary results flowing from the marriage state. What he intended to effect and what, to the extent permitted under New York law,[9] he effected, was to protect the corpus of, and the undistributed income from, the property as well from the improvidence, as from the incompetence, of his daughters. As long as the income was in the hands of the trustees and undistributed it was protected, but as soon as it was paid over, it passed to the daughters as their property, freely and completely alienable, and as fully subject as any other unrestricted property of theirs to the

[2] There the court said of an effort of the wife to reach property devised in trust for her husband, "It is not the purpose and object of the statute that created community interest of husband and wife in property to prevent a testator from making a distribution of his property to either upon conditions and trusts which limit the right of the beneficiary, or restrict his interest to a limited extent, and define what its character shall be. This is the right of the testator. The law did not impose upon him the duty of devising and bequeathing his property to his son, and when he elected to do so he had the authority to determine what interest in his estate the son should enjoy; and, having defined this interest, the wife, by force of the community statute, could not exceed and extend it."

[3] Where it was held that rents from property devised to a woman for life "with power to receive for her sole and separate use and no other," were her separate property.

[4] Holding that a deed of a husband conveying property and the rents and profits thereof to a trust for the sole and separate use of his wife, was valid as the creation of an equitable separate estate in the rents and profits.

[5] Citing the cases above referred to, it is to the effect that a trust for a married woman making not only the corpus but the income from trust property separate property may be validly made.

[6] Taylor v. Murphy, 50 Tex. 291.

[7] Adams v. Williams, 112 Tex. 469, 470, 248 S.W. 673.

[8] McClelland v. Rose, 5 Cir., 208 F. at page 511.

[9] Bogert on Trusts and Trustees, § 222, p. 725; Id., § 223, p. 728; Zinke v. Hipkins, 233 N.Y. 516, 135 N.E. 899.

ordinary impact of the law.[10] Here what is in question is not undistributed income in the hands of the trustees as in McClelland's case, but income distributed to the daughters, no longer fettered but their own, and our only concern is to determine in what character it became their own. Did it come to them, as the commissioner contends, within the constitutional definition of separate property, by gift, devise or descent, for their separate use and benefit, and, therefore, as their separate property? Or did it, as taxpayers contend and the Tax Court has found, come to them as ordinary income from trust property of which they are beneficiaries,[11] and, therefore, as community? We think it entirely plain that when they received the income it fell into the community.

In addition to the point mainly relied on, that the trusts being spendthrift trusts were in effect gifts of income to the separate uses of the beneficiaries, the commissioner makes a subordinate point. This is that, though the beneficiaries were domiciled in Texas, and the income came to them there, the fact that the trusts were created and managed in, and were to be construed under the laws of, New York, which has no community system, brings this case under the rule of the Skaggs case (Commissioner of Internal Revenue v. Skaggs) 5 Cir., 122 F.2d 721. There it was held as to income from real property in California, that the community property laws of California, which made such income separate there, fixed its character so that when received by members of a marital community in Texas, it was still separate. The very basis of that decision, that real property was involved and that community laws are statutes real and not statutes personal, completely refutes the commissioner's claim that it has application here. The controlling principle here is that the interest of one spouse in movables acquired by another during the marriage is determined by the law of the domicile of the parties when the movables are acquired.[12] The judgments of the Tax Court were right. They are affirmed.

---

10 Bogert on Trusts and Trustees, Vol. 1, § 222, p. 718; Scott on Trusts, Vol. 1, Sec. 152.5; Griswold, Spendthrift Trusts, Sec. 370.

11 Irwin v. Gavitt, supra.

12 Restatement, Conflict of Laws, Sec. 290; Shilkret v. Helvering, 78 U.S.App.

D.C., 178, 138 F.2d 925; Commissioner of Internal Revenue v. King, 5 Cir., 69 F.2d 639; Blumenthal v. Commissioner of Internal Revenue, 15 B.T.A. 1394, affirmed 60 F.2d 715; Payne v. Commissioner of Internal Revenue, 5 Cir., 141 F.2d 398.