OSCAR CHESSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 34467, 43986.    Promulgated March 19, 1931.

*L. J. Benckenstein, Esq.,* and *W. A. Bolinger, Esq.,* for the petitioner.

*W. R. Lansford, Esq.,* for the respondent.

OPINION.

TRUSSELL: The first claim of the petitioner is that interest now shown to have been paid to the petitioner in 1923 upon bank deposits

of moneys of the petitioner was community income which should be divided for tax purposes one-half to the husband and one-half to the wife. The petitioner and his wife were domiciled in Texas, where under the community property law returns may be filed separately and the respective shares of community income separately reported. *Hopkins, Collector of Internal Revenue* v. *Bacon*, 282 U. S. 122. Separate returns were in fact filed and are not questioned as to basis. The question for decision here is whether the entire amount of the interest under consideration was the separate property of the petitioner or belonged one-half to him and one-half to his wife. In answering this question we follow the local law. *Hopkins, Collector of Internal Revenue* v. *Bacon, supra*. The case of *Willcutt* v. *Willcutt*, 278 S. W. 236, has been accepted as leading in this respect and was cited by this Board in *John O'Neil et al.*, 16 B. T. A. 614, as authority for a conclusion that rents derived from a farm, the separate property of the husband, belonged to the community. In the *Willcutt* case it was also decided that interest collected on promissory notes of the husband during coverture was community property, the Court reasoning as follows:

It is clear that the interest or increase arising from the personal property of the husband has not been declared separate property by the statute of 1917 (article 4621, Vernon's Tex. Civ. Stats.) and it is therefore unnecessary for this court to pass upon the constitutionality of the law. The Supreme Court, however, has held that the Legislature had the power to make the rents and interest of the wife exempt from community debts made by the husband, but also held that the attempt to make the rents and revenues arising from her lands separate property was unconstitutional and invalid. *Arnold* v. *Leonard* (Tex. Sup.) 273 S. W. 799. If this be the law, appellant is entitled to her community interest in the rents and revenues arising from the lands of appellee as well as the interest.

The sole argument advanced by the respondent in the instant case is that the few facts in evidence are insufficient to enable a determination, but we think that they are sufficient. It is stipulated that the interest was upon moneys of the petitioner, which we understand to mean moneys, the separate property of the petitioner, but if our understanding is incorrect it would simply mean that the moneys were community property and in that event there could be no question but that the interest was community income. Accordingly the net income of the petitioner will be recomputed including therein one-half of the interest and excluding the wife's one-half.

The second claim of the petitioner is that royalties received during the taxable years from certain oil leases belonged to the community and should be divided for income tax purposes, one-half to the husband and one-half to the wife.

Resulting from operations under three oil and gas lease contracts entered into February 18, 1919, March 13, 1920, and October 7, 1920,

oil was delivered to the petitioner in 1923 and 1924, as royalty shares, payable in kind, of the oil produced and saved out of certain lands, the separate property of the petitioner which he acquired by purchase in 1904, and hence long prior to his marriage, on June 30, 1920, to his present wife. Currently in the years of receipt the royalty oil was sold and there remained over and above the stated allowable deductions certain net income specifically attributable to the transactions, all in amounts as set out in detail in the findings. For 1923 and 1924 the petitioner and his wife filed separate returns wherein each reported one-half of the net income from said sales of royalty oil as belonging to each.

The answer to this question depends upon the local law. *Stephens* v. *Stephens*, 292 S. W. 290, has been accepted as a leading case defining the property rights of husband and wife in royalties from the separate property of the husband. See *John O'Neil et al., supra,* and *Ferguson* v. *Commissioner of Internal Revenue,* 45 Fed. (2d) 573, affirming *W. P. Ferguson,* 20 B. T. A. 130, in this regard. The opinion of the Court in the *Stephens* case included the following reasoning which is especially pertinent to the instant case:

> The land is separate property. The oil in place is realty capable of distinct ownership, severance and sale. It is a part of the corpus of appellee's sole estate. He conveyed his oil and received, as the principal consideration therefor, one-eighth of the production. No skill, labor or supervision of either of the spouses, and no community property was expended in the sale or production. The oil and the proceeds thereof received by the appellee were neither rent nor profits, within the meaning of the law making such common property, but the consideration for separate realty. Extracting the oil from beneath the surface depletes and exhausts forever the corpus of his separate property; removing it to the top of the ground changes it from real to personal property; but such change or mutation, and the money received, are definitely traced, and, in our opinion, the fund in controversy belonged to appellee in his sole and separate right.

See also *James R. Parkey et al.,* 16 B. T. A. 441.

We follow these decisions in concluding that the income from the royalties here under consideration belongs to the petitioner and should therefore be reported for income tax purposes in its entirety by the petitioner.

For some purposes it is necessary to carefully construe the lease agreement to determine whether the royalty oil was reserved to the lessor, see *Waggoner Estate* v. *Wichita County,* 273 U. S. 113. We find it unnecessary to do so in the instant case with respect to the second issue, for the reason that a showing that the petitioner retained ownership of the oil would not alter our conclusion that the royalty oil was his separate property. Indeed, it would merely strengthen our conclusion.

The third claim of the petitioner is that the income from the royalties should be taxed at the special rates provided for " capital gains " in sections 206 and 208, respectively, of the Revenue Acts of 1921 and 1924. The statutes provide that:

The term " capital gain " means taxable gain from the sale or exchange of capital assets. * * * The term " capital assets " as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business) * * *

Reverting to the findings, we note that the Dodd lease lets the lands for purposes of exploitation and also *grants* and *conveys all of the oil*, coupled, however, with a provision for a saving out of all of the oil produced of one-eighth thereof and delivery of the same in kind to the lessor. The other two leases merely grant the right of exploitation, with provision for delivery in kind of one-eighth of the oil produced and saved. With respect to the latter two leases which do not convey the oil, we are constrained to follow prior decisions holding that the royalties are not gain from the sale of capital assets. Cf. *Henry L. Berg et al.*, 6 B. T. A. 1287; affd., 33 Fed. (2d) 641; certiorari denied, 280 U. S. 76A; and *Ferguson* v. *Commissioner of Internal Revenue, supra*, affirming in this respect *W. P. Ferguson, supra*. As pointed out in *Henry L. Berg et al., supra:*

The proceeds of minerals, and by minerals we include oil and gas, obtained from mining operations constitute gross income to the owner of the leased premises, and this is true where the minerals are leased. The result of an ordinary mining lease such as we have here is merely to transfer the cost of operations from the owner to the lessee. The operation remains the same and the proceeds of the operation are divided between the lessee and lessor. * * *

In *Ferguson* v. *Commissioner of Internal Revenue, supra*, the Court reasoned that:

* * * royalties represent the retained interest of the lessor or vendor in the property or minerals which he receives from time to time as revenues under the contract. He did not convey that interest under the deed or lease but provided that he should receive a fraction of the minerals themselves as produced. This part of his capital asset is protected and returned by another provision of the Revenue Act, to-wit, Sec. 214 (a) which allows an annual deduction for depletion, based upon production and the estimated life of the pool or deposit. For this reason the royalties can not be considered as a capital gain.

With respect to this issue in the instant case we are not concerned with fine distinctions of ownership under the local law; precisely the question for decision is whether the transactions bring the gain within the " capital gain " provision of the taxing statute. For all practical purposes the operation of the Dodd lease was no different from the operation of the other two leases; alike under all three leases the lessor and lessee shared the proceeds of operation, as they agreed

in advance to do, in event oil was found. In our opinion the gain does not come within the intendment of the statute; we prefer the view, quoted above in *Ferguson* v. *Commissioner of Internal Revenue, supra,* that the taxation of the royalties under the Dodd lease is provided for under the ordinary income taxing sections of the statute. We conclude that none of the royalties here under consideration can be considered to be taxable as " capital gain." Cf. *James R. Parkey et al., supra.*

The petitioner cites a number of Texas cases in support of his argument that *Stephens* v. *Stephens, supra,* cited by us, and also by the Fifth Circuit, in the *Ferguson* case, did not correctly construe the law of Texas with respect to the property rights of the husband in the royalties, consequently it should be given limited or no application in the instant case. The answer to this is that we think the cases cited by the petitioner all bring into consideration conditions of failure of evidence, commingling of assets, operations mutually conducted by husband and wife, and contributions of the one or the other of influence or of services in producing the income, and for these reasons we do not consider the cases controlling or in point here.

*Judgment will be entered pursuant to Rule 50.*