S. C. POLLEY v. THE STATE.

No. 18810. Delivered February 17, 1937.

The opinion states the case.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for barbering without a license; penalty assessed at a fine of twenty-five dollars.

The offense is denounced in Art. 734a, P. C., which declares:

"That it shall be unlawful for any person to engage in the practice or attempt to practice barbering in the State of Texas without a certificate or registration as a registered barber issued pursuant to the provisions of this Act, by the Board of Barber Examiners hereinafter created."

The State's witness, J. M. Burton, an Inspector for the Board of Barber Examiners of Texas, went to the Barber Shop of Ray Kimbro in Center, Texas, on August 24, 1936. The appellant was the only person in the shop at the time. The witness took a seat in the chair by which the appellant was standing and obtained a shave from him. While the witness was being shaved, J. H. Blondell, another Inspector for the Board of Barber Examiners, came into the barber shop and received a shave from the appellant. The witness Burton paid appellant thirty cents for the two shaves. Burton saw no certificate on display authorizing the appellant to practice barbering as a registered barber or registered assistant barber. When the witness asked for such a license, the appellant said he had none. Similar testimony was given by J. H. Blondell who testified as a witness for the State.

N. J. Dartez, Secretary of the Board of Barber Examiners of Texas, testified that appellant had obtained a license to practice barbering during the years 1930, 1931 and 1932, but had not had a license since that time. The witness testified that he had received by registered mail on August 26, 1936, at Austin, Texas, a letter containing a deposit of five dollars to pay for the appellant's license to practice barbering. However, this was after the date of the present prosecution, and at the

time of the alleged offense the appellant had no license permitting him to practice barbering in the State of Texas.

No testimony was introduced in behalf of the appellant upon the trial of the case.

In a bill of exception appellant complains of the closing argument of the County Attorney wherein he addressed the jury in the following language:

"The State has proved by two witnesses that the defendant barbered and charged for it at the time and place charged in the information, and the defendant has not seen fit to take the stand and deny these facts. If he was innocent, what would he have done? He would have denied it, but he did not."

The objection urged is that the argument referred to the appellant's failure to take the stand and testify in his own behalf. The argument was violative of Art. 710, C. C. P., under which the prosecuting attorney is specially inhibited from alluding to or commenting on, the failure of the accused to testify in his own behalf. See Vernon's Ann. Tex. C. C. P., Vol. 2, page 743, note 29, and cases cited.

Because of the improper argument of State's counsel, quoted above, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*