Martin O'Connor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 96639. Promulgated August 22, 1939.

———

### OPINION.

Murdock: The Commissioner determined a deficiency of $765.82 in the petitioner's income tax for 1936. The only issue for decision is whether the gain from the sale of United States bonds was community property, as the petitioner contends, or was the separate property of the petitioner, as the Commissioner has determined. The case has been submitted upon the pleadings, all of the allegations of fact in the petition having been admitted in the answer. The facts are found as pleaded.

The petitioner acquired $326,000 face value of United States bonds as a legatee and devisee of his brother. The brother died on October 20, 1932, at which time the market value of the bonds was $321,775.27. The petitioner sold the bonds during 1936 for $347,026.56 and realized a profit, of which 60 percent, or $15,150.77, is to be taken into account

in computing net income. The petitioner at all times material hereto was married and living with his wife in Victoria, Texas. They each reported one-half of the last mentioned amount on their separate returns for 1936. The Commissioner, in determining the deficiency, included the entire amount in the income of the petitioner on the ground that all of the proceeds from the sale were his separate property.

The parties agree that the bonds were at all times the separate property of the petitioner. They also agree that the laws of Texas govern the question of whether all of the proceeds from the sale of those bonds were the separate property of the petitioner, or the excess of the amount realized over the value of the bonds when acquired by the petitioner represented community property. The law of Texas provided in 1936 that "all property of the husband, both real and personal, owned or claimed by him before marriage, and that afterwards acquired by gift, devise, or descent, as also the increase of all lands thus acquired, shall be his separate property." Art. 4613, Vernon's Texas Statutes – 1936. It is not argued here that the words "increase of all lands thus acquired" are to be taken literally, as if they referred only to increase in real estate. On the contrary, the petitioner concedes that mere enhancement in value of separate personal property is "increase in lands" and remains separate property. The point which he would make is that the increase in value becomes community property when it is realized through a sale. While the revenue acts provide that the excess realized over basis is gain, yet it does not appear that the laws of Texas include any similar method for determining that a part of the sale price of separate property is community property. The petitioner has not cited a single authority for concluding that any part of the proceeds from the sale of separate property is community property in the absence of some contribution by the community towards the increase in value. Here the bonds were the separate property of the petitioner. The increase in their value was in no way produced by his efforts or the efforts of the community.

Each party has cited a number of authorities to show that the law of Texas favors his view, but upon analysis we conclude that those most nearly in point support the determination of the Commissioner. Cases involving the use of separate property in some mercantile or other business in which the husband was actively engaged are not in point. The income resulting from the employment of his time and energy is community property. Likewise, interest and rents from separate property are community property. If the proceeds from the sale of separate property are inseparably intermingled with community property, the latter is always favored and the former

may lose its identity. The case of *W. T. Carter, Jr.*, 36 B. T. A. 853, relied upon by the petitioner, is distinguishable for the reasons just mentioned. There the husband acquired some stock in a family corporation in Texas as a gift from his father. Later, he acquired additional stock by (1) purchase with community funds, (2) stock dividends, and (3) gift from his mother. He then sold some of the stock at a profit, which the Board held was community property taxable one-half to each spouse. The Board there said:

> Where the increase in separate property was spontaneous and independent of assistance from the community, it was separate property, *Stringfellow* v. *Sorrells*, 82 Tex. 277; 18 S. W. 689, but where it involves care, labor, or attention from the members of the community, it is community property, *Hayden* v. *McMillan*, 23 S. W. 430. In the case at bar, petitioner devoted the major portion of his time to the management and operation of the corporation which issued the stock in controversy.

The case of *Brand* v. *Brand*, 102 S. W. (2d) 210, was apparently another where separate and community funds were commingled.

The case of *Anita Owens Hoffer*, 24 B. T. A. 22, is directly in point. There the wife had acquired some corporate stock by gift. She sold it at a profit during coverture while living in Texas. The Commissioner contended and the Board held that the gain was her separate property, citing *Oscar Chesson*, 22 B. T. A. 818, and G. C. M. 8209, C. B. IX-2, p. 326. There was no indication that that community had contributed in any way to the increase in value. The later *Carter* case, *supra*, in no way impinges upon the rule of the *Hoffer* case. The following is from *Oscar Chesson*, *supra*, which was affirmed, 57 Fed. (2d) 141:

> The answer to this question depends upon the local law. *Stephens* v. *Stephens*, 292 S. W. 290, has been accepted as a leading case defining the property rights of husband and wife in royalties from the separate property of the husband. See *John O'Neil et al.*, *supra*, and *Ferguson* v. *Commissioner of Internal Revenue*, 45 Fed. (2d) 573, affirming *W. P. Ferguson*, 20 B. T. A. 130, in this regard. The opinion of the Court in the *Stephens* case included the following reasoning which is especially pertinent to the instant case:
>
>> The land is separate property. The oil in place is realty capable of distinct ownership, severance and sale. It is a part of the corpus of appellee's sole estate. He conveyed his oil and received, as the principal consideration therefor, one-eighth of the production. No skill, labor or supervision of either of the spouses, and no community property was expended in the sale or production. The oil and the proceeds thereof received by the appellee were neither rent nor profits, within the meaning of the law making such common property, but the consideration for separate realty. Extracting the oil from beneath the surface depletes and exhausts forever the corpus of his separate property; removing it to the top of the ground changes it from real to personal property, but such change or mutation, and the money received, are definitely traced, and, in our opinion, the fund in controversy belonged to appellee in his sole and separate right.

See also *James R. Parkey*, 16 B. T. A. 441.

We follow these decisions in concluding that the income from the royalties here under consideration belongs to the petitioner and should therefore be reported for income tax purposes in its entirety by the petitioner.

Since the community contributed in no way to the increase in value of the bonds here in question, and there appears to be no distinction between such increase and the increase in value of real estate, we conclude that the entire proceeds of the sale of the bonds was the separate property of the petitioner under the laws of Texas and the Commissioner did not err in taxing the proper percentage of the gain as his income.

*Decision will be entered for the respondent.*